DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Lucinda D., appeals from the decision of the Wayne County Court of Common Pleas, Juvenile Division, that terminated her parental rights to her minor child, K.D., and placed the child in the permanent custody of Wayne County Children Services Board ("CSB").
 I. {¶ 2} Lucinda D. ("Mother") is the mother and Nevin D. ("Father") is the father of K.D., born May 9, 2001. The parents are not married, were never married, and do not live together.
 {¶ 3} On June 27, 2005, CSB filed a complaint in juvenile court, alleging that K.D. was neglected and dependent and seeking temporary custody of the child.[1] The agency claimed that Father had custody of K.D., but no longer wished to retain custody of him. The agency further alleged that the child consistently had bruises on his body, including a handprint on his face, which the child claimed was made by his father. CSB also alleged that K.D, was frequently left unsupervised.
 {¶ 4} On August 17, 2005, the child was adjudicated neglected and dependent, and was placed in the temporary custody of the agency. Mother was not present at these hearings, but she was represented there by counsel.[2]
 {¶ 5} On November 8, 2005, CSB moved for permanent custody and obtained service on Mother by publication. On December 20, 2005, Father surrendered his parental rights. The matter proceeded to a hearing on the motion for permanent custody as to Mother. The hearing took place on March 10, 2006, and neither Mother nor her counsel was present. Following the hearing, the juvenile court found that Mother had abandoned K.D. and also that the child could not be placed with her within a reasonable time. See R.C. 2151.414(B)(1)(b) and R.C. 2151.414(B)(1)(a). In addition, the trial court found that it was in the best interest of K.D. to be placed in the permanent custody of the agency. See R.C. 2151.414(D). The trial court terminated Mother's parental rights and placed the child in the permanent custody of CSB.
 {¶ 6} Thereafter, Mother wrote a letter to the trial judge, stating that she would like to appeal this matter and requested appointed counsel. The trial judge appointed appellate counsel for Mother. She now timely appeals and assigns two errors for review.
 First Assignment of Error
"THE TRIAL COURT ERRED BY GRANTING WAYNE COUNTY CHILDREN SERVICES BOARD'S MOTION FOR PERMANENT CUSTODY WITHOUT SUFFICIENT EVIDENCE [.]"
 Second Assignment of Error
"THE TRIAL COURT ERRED BY FINDING WAYNE COUNTY CHILDREN SERVICES BOARD HAD MADE REASONABLE EFFORTS TO REUNIFY THE MINOR CHILD WITH APPELLANT[.]"
 {¶ 7} Through these two assignments of error, Mother challenges the sufficiency of the evidence and the reasonable efforts put forth by CSB to reunify K.D. with Mother. In her first assignment of error, Mother argues that because only seven months had elapsed since the adjudication, not enough time had transpired to find that the child could not be placed with her. In her second assignment of error, Mother argues that CSB's failure to delay the permanent custody hearing when she expressed an interest in the child five days before that hearing demonstrated a lack of reasonable efforts by CSB.
 {¶ 8} The record reflects that Mother was aware of these proceedings, but failed to participate in case planning efforts or court hearings. Importantly, she was not present or represented by counsel at the permanent custody hearing. Therefore, neither argument raised by appellate counsel was brought to the attention of the trial court or properly preserved for appeal. It is a fundamental rule of appellate review that a reviewing court will not consider any error that could have been, but was not, brought to the attention of the trial court at a time when such error could be remedied or corrected by the trial court. Lefort v. Century 21-Maitland Realty Co. (1987),32 Ohio St.3d 121, 123. In addition, this Court has previously applied this rule in the context of a permanent custody case. See, e.g.,In re S.T., V.T., P.T., 9th Dist. No. 22665, 2005-Ohio-4793, at ¶ 9-10.
 {¶ 9} The record indicates that Mother had contact with the guardian ad litem as early as July 2005, but there was no follow up by Mother. Richard Meeker, the CSB caseworker assigned to this case, made several efforts to contact Mother in the fall of 2005. He sent letters to Mother's last known address and to her own mother's home in Holmesville. He personally visited the Holmesville address where he left a message with Mother's mother, and he also left a message at Wendy's, Mother's former place of employment. Mother finally left a voice mail message for Meeker in February 2006, and they met on March 2, 2006. At that time, Meeker reviewed the case plan objectives and confirmed the date of the permanent custody hearing, of which Mother admitted knowledge.
 {¶ 10} During the course of these proceedings, Mother made halting attempts to comply with the case plan, but failed to demonstrate any meaningful effort. For example, Mother appeared at one visitation in June 2005. She left after thirty minutes because CSB would not let her boyfriend participate. She never called CSB to confirm any additional visits. In July 2005, Mother agreed to the guardian ad litem's request to set up a home visit, but then was not present at the home at the appointed time. Later, Mother scheduled an appointment for psychological testing, but did not appear at the appointment. Mother has offered no excuse for her failure to communicate her whereabouts to her caseworker, her failure to follow through with any case planning efforts, or her failure to appear at the permanent custody hearing. She states only that her life was "really terrible" and she is now finally "getting [her] life together." Thus, Mother was informed and aware of these proceedings, yet failed to attend court hearings, failed to participate in case planning activities, and failed to maintain contact with her service providers.
 {¶ 11} Upon this record, this Court will not consider Mother's arguments for the first time on appeal. Moreover, we do not find that the issues raised by Mother's appellate counsel rise to the level of plain error. Accordingly, Mother's two assignments of error are overruled.
 Frivolous Appeal {¶ 12} CSB has asked this Court to find Mother's appeal frivolous and to award sanctions pursuant to App.R. 23. The agency claims that Mother waived all arguments raised by the present appeal because she did not appear at the hearing on the motion for permanent custody, and that, therefore, the appeal is frivolous.
 {¶ 13} App.R. 23 provides that where a court of appeals determines an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee, including attorney fees and costs. "A frivolous appeal under App.R. 23 is essentially one which presents no reasonable question for review." Talbott v. Fountas (1984), 16 Ohio App.3d 226, 226. A court of appeals is vested with the discretion to determine whether sanctions are warranted. Transamerica Ins. Co. v. Nolan
(1995), 72 Ohio St.3d 320, syllabus. This Court does find the appeal to be frivolous. As discussed above, Mother was informed and aware of these proceedings, yet failed to participate in case planning or to attend the permanent custody hearing. She nevertheless sought to appeal, raising issues that fail to explain her lack of participation.
 {¶ 14} Additionally, we have considered the difficult position in which Mother's appointed appellate counsel has been placed. He has an obligation to represent his client vigorously and fairly, yet also to advance only non-frivolous claims.
 {¶ 15} This Court has previously recognized that where there is no reasonable ground in law or fact for a reversal, "the expenditure of this state's precious judicial resources on trivial matters * * * can serve no valid purpose in the pursuit of justice." See Stupelli v. Rose (Oct. 18, 1995), 9th Dist. No. 95CA006078, citing State ex rel. Rogers v. Cleveland CitySchool Dist. Bd. of Edn. (1995), 73 Ohio St.3d 197, 202. "While citizens have a right of access to our nation's courts, they do not have a right to frustrate the workings of the judicial system or to abuse the judicial process * * *. Such abuses upset the fair allocation of judicial resources to those with important and legitimate claims." Stupelli, supra.
 {¶ 16} Notwithstanding that Anders v. California (1967),386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, was decided in a criminal context, the same issues are applicable to cases involving the termination of parental rights. In the very rare permanent custody case where no meritorious issues are found, we believe an Anders brief is appropriately filed by the appellant's appointed counsel. The Sixth District Ohio Court of Appeals has considered this question, and has extended Anders
to appeals involving the termination of parental rights. SeeMorris v. Lucas Cty. Children Services Bd. (1989),49 Ohio App.3d 86, 86-87. See, also, Sabrina J. v. Robbin C. (Sept. 28, 2001), 6th Dist. No. L-00-1374 (extending Anders to custody cases in juvenile proceedings where counsel has been appointed pursuant to Juv.R. 4(A) and R.C. 2151.352). The Second and Fifth Districts have also accepted Anders briefs in cases involving the termination of parental rights. See, e.g., In reBranstetter (May 18, 2001), 2nd Dist. No. 18539 and In reDiamond S., 5th Dist. No. 03-CA-24, 2004-Ohio-611, at ¶ 2.
 {¶ 17} In addition, other states have recognized that the procedures enunciated in Anders, supra, are well suited to cases involving the termination of parental rights. See, e.g.,In re H.E. (2002), 312 Mont. 182, 59 P.3d 29, 32; J.K., Sr. v.Lee Cty. Dept. of Human Resources (Ala.Civ.App. 1995),668 So.2d 813, 816; In the Interest of J.R.W. (Wis.App. 1989),149 Wis.2d 399, 439 N.W.2d 644; In re McQueen (1986), 143 Ill. App.3d 148,495 N.E.2d 128, 129. But, see, N.S.H. v. Fla. Dept. of Children Family Services (Fla. 2003), 843 So.2d 898, 903 and In reWelfare of Hall (1983), 99 Wash.2d 842, 664 P.2d 1245, 1247
(both cases refusing to extend Anders to proceedings involving the termination of parental rights).
 {¶ 18} Therefore, because we find that it may advance the effective administration of justice, we extend the principles ofAnders to cases involving the termination of parental rights.
 {¶ 19} As to CSB's request for sanctions pursuant to App.R. 23, we find the imposition of sanctions against Mother to be inappropriate in this case. Mother requested the appointment of counsel for her appeal, which was her right, and the trial judge granted her request. As a lay person with appointed counsel, Mother would not have been expected to evaluate complex issues of law and select issues for appellate review on her own. Rather, she would have been entitled to rely upon appellate counsel to prosecute the appeal on her behalf. It is, therefore, inappropriate to award sanctions against Mother pursuant to App.R. 23 where she acted in reliance of her appointed counsel to pursue her appeal. CSB's request for sanctions against Mother is denied.
 III. {¶ 20} Mother's two assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas, Juvenile Division, is affirmed. CSB's motion to issue sanctions against Mother is denied.
Judgment affirmed.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J. concurs.
[1] According to the decision of the trial court in the present case, CSB had also initiated an earlier dependency action regarding K.D. on April 1, 2005. That complaint was eventually dismissed, and the action was refiled as the present case.
[2] Thereafter, Mother's trial counsel was permitted to withdraw because Mother failed to communicate with him.