DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant Western Reserve Logistics ("Western Reserve"), appeals the decision of the Summit County Court of Common Pleas, granting the motion for summary judgment of the defendants in the trial court. We affirm.
 {¶ 2} The instant action arises from claims by Western Reserve against Hunt Machine Manufacturing Co. ("Hunt Machine") for breach of contract, against David Hunt and Hunt Machine for fraud, and against David Hunt, William Hunt, Hunt Machine, Prospect Mold Die Co. ("Prospect"), and the KW Hunt Family Partnership, LLC ("the partnership"), for violation of the Ohio Uniform Fraudulent Transfer Act ("UFTA"), R.C. 1336.01. However, this most basic statement of the case has not been gleaned from Western Reserve's brief to this court. In fact, Western Reserve's brief was so entirely inadequate that we deem its appeal to be frivolous in that it states no reasonable question for review. See Talbott v. Fountas (1984), 16 Ohio App. 3d 226,475 N.E.2d 187.
 {¶ 3} Western Reserve raises only one assignment of error:
 FIRST ASSIGNMENT OF ERROR
"The trial court erred in granting Appellees' motions for summary judgment when the summary judgment evidence presented genuine issues of material fact."
 {¶ 4} Western Reserve has failed to follow a number of local and appellate rules that, if followed, would have given this court some ability to determine the specifics of its appeal. We have been able to ascertain that Western Reserve is appealing the trial court's decision to grant summary judgment. Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated;
(2) the moving party is entitled to judgment as a matter of law; and
(3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle
(1991), 75 Ohio App.3d 732, 735.
 {¶ 5} According to the statement of facts properly provided to this court in Appellees' brief, Western Reserve and Hunt Machine had a business relationship for five years. At some point, Hunt Machine failed to pay an invoice sent to it by Western Reserve. Hunt Machine subsequently determined that it could no longer stay in business. It sold its assets, and one of the purchasers was Prospect.
 {¶ 6} Western Reserve perceived that there was fraud in this transfer, and pursued Hunt Machine, Prospect, William Hunt, and David Hunt on a fraud claim. It also raised a breach of contract claim against Hunt Machine for the unpaid invoice, and pursued all parties — including the KW Hunt Family Partnership — for an alleged UFTA violation.
 {¶ 7} The trial court granted the partnership's motion to dismiss (to which Western Reserve had never responded), dismissing the partnership as a party to the litigation. The remaining defendants filed motions for summary judgment on the counts raised against each of them, which the trial court granted. The only remaining claim was against Hunt Machine for breach of contract. On this claim, Western Reserve and Hunt Machine consented to an Agreed Judgment Entry granting judgment against Hunt Machine in the amount of $85,327.64, plus interest. The judgment entry preserved to Western Reserve the right to appeal the court's dismissal of the other claims and other defendants in the action.
 {¶ 8} As indicated above, the facts in this case as presented herein are gleaned from Appellees' statement of facts in its brief to this court. Western Reserve failed to present any facts in its brief, and instead referred the court to its statement of the case — a one-page summary of the filings in the history of the case — for a statement of the facts. This is a clear violation of Loc.R. 7(B)(6):
"Appellant's brief shall contain, under appropriate headings, (6) A statement of the facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with subsection (F) of this rule." (Emphasis added.)
 {¶ 9} However, this is not the only deficiency in Western Reserve's brief. One glaring omission is a clear statement identifying which of the trial court's judgments is being appealed. One party to the original action, the partnership, was dismissed by the trial court. Presumably, that order is not being appealed, but there is no way that this court would know that for certain because Western Reserve failed to give any such indication. The only item in Western Reserve's appendix is the trial court's Agreed Judgment Entry. Loc.R. 7(B)(9)(a)(i)-(iii) requires that an appendix include:
"(i) The judgment entry appealed from;
"(ii) Any opinion of the court announcing the decision reflected by the judgment entry appealed from;
"(iii) Any written findings of fact and conclusions of law in the record on appeal [.]"
Loc.R. 3(A)(2)(a) states:
"* * * The appellant shall attach to the docketing statement a copy of the final judgment entry of the trial court or agency from which the appeal is taken and any other orders that demonstrate that this court has jurisdiction to hear the appeal."
Western Reserve did not include — either in the appendix to its brief or as an attachment to its docketing statement — the lower court's order granting the defendants' motion for summary judgment or any other of the findings of the lower court. Although the Agreed Judgment Entry was the only item attached to the docketing statement, and the only item in Western Reserve's appendix to the appellate brief, that cannot mean that Western Reserve intends to appeal the judgment entry, since it was agreed upon by the parties. We must assume that, since Western Reserve has included in the body of its brief a mention of the motion for summary judgment that it believes was wrongly granted, that is the only decision of the trial court at issue, and Western Reserve simply failed to attach a copy of the trial court's order granting the defendants' motion for summary judgment.
 {¶ 10} Moreover, Western Reserve has failed to identify which of the original parties is now an appellee in this appeal. It has filed its appeal against "Hunt Machine and Manufacturing, etal." (Emphasis added.) However, it does not indicate in the body of its brief who is included in "et al." For clarification, this court has looked to the docketing statement filed at the initiation of this appeal. The local rule governing docketing statements is Loc.R. 3, which reads, in pertinent part:
"(A) * * * Each appellant shall file a completed docketing statement on the form prescribed by this court * * * with the clerk of the trial court at the same time as filing the notice of appeal. * * *
"(1) Parties
"(a) Enumeration of Parties. Each appellant shall include on the docketing statement and, if necessary, on a separate sheet attached to the docketing statement, the names of all persons or entities who were named as parties to the proceedings from which the appeal is taken, [and] each party's designation in those proceedings * * *
"(b) Designation of Parties. The appellant shall designate asan appellee any party to the proceedings below whose interests may be adversely affected by reversal of the judgment or order from which the appellant appeals. All other parties to the proceedings shall retain, throughout the appeal, the designation used by the trial court (plaintiff, defendant, etc.), unless otherwise ordered by this court." (Emphasis added.)
Rather than enumerate each of the parties involved in the action in the trial court, Western Reserve has simply identified two of the parties and labeled them as "defendants": Hunt Machine and Prospect. Western Reserve did not designate a single party as an appellee. First of all, it may be true that both of the named parties were defendants in the trial court, but someone must be an appellee in the appeal. No one is so identified. Secondly, even if Western Reserve intended that the parties named on the docketing statement be appellees, this makes little or no sense procedurally. If the court is correct that Appellant is appealing the motion for summary judgment, we do not understand why Appellant would only include two of the parties in whose favor summary judgment was granted, and would exclude William and David Hunt.
 {¶ 11} For further clarification, the court has looked to the certificate of service provided by Appellant on the notice of appeal and on the appellate brief. Once again, no satisfactory answer was provided. Appellant simply informed the court that the notice of appeal and appellate brief had been served, but did not indicate upon whom they had been served. Furthermore, the sole method of service Appellant used, as evidenced by the certificates of service, was facsimile. This is yet another violation of the rules. App.R. 13, which governs the filing and service of appeals, reads, in pertinent part, as follows:
"(C) Manner of service. Service may be personal or by mail.
* * *
"(D) Proof of service. Documents presented for filing shall contain an acknowledgment of service by the person served or proof of service in the form of a statement of the date and manner of service and of the names of the persons served,
certified by the person who made service." (Emphasis added.) Not only has Western Reserve violated App.R. 3 by employing a method of service not included among the prescribed methods of service, but it has also failed to provide adequate identification of opposing counsel upon whom service was made.
 {¶ 12} While Western Reserve did include in its brief a prayer for oral argument, which this district has never required and which is actually included in contravention of the exclusive list of required elements for a brief in Loc.R. 7, it apparently found any discussion or argument of its sole assignment of error unnecessary. Rather than identify the standard of review for summary judgment as required by Loc.R. 7(B)(7), followed by the argument upon which it intends to rely in challenging the lower court's determination, Western Reserve simply quotes the rule for granting summary judgment, Civ.R. 56(C), and then gives two sentences of explanation about why the trial court should not have granted the motion in this case. Explanation may in fact be an overstatement. Western Reserve asserts that it presented an affidavit in the trial court that raised a genuine issue of material fact. It then incorporates by reference approximately four pages of argument it provided to the trial court in its Combined Response in Opposition to the Motion for Summary Judgment. Incorporating arguments by reference is entirely unacceptable under the Loc.R. 7(B)(7), which reads as follows:
"Appellant's brief shall contain * * * (7) Argument and law. The argument shall contain the contentions of the appellant with respect to the assignments of error and the supportingreasons with citations to the authorities and statutes on which the appellant relies. Each assignment of error shall be separately discussed and shall include the standard of review applicable to that assignment of error under a separate heading placed before the discussion of the issues." (Emphasis added.)
The local rule clearly requires that an appellant argue his case before this court in the brief, rather than simply refer the court elsewhere. This court has held that "if an argument exists that can support [an] assignment of error, it is not the duty of this court to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18873, at *8. This includes "rooting out" an argument from the record in the trial court.
 {¶ 13} In its perfunctory argument against the trial court's decision on summary judgment, Western Reserve gives this court an example of the type of evidence it has purportedly provided, describing that evidence as "specific facts proving each element of Appellant's fraud claim, grounds for personal liability and the fact that Appellees' transfer of assets was for less than fair value." Leaving aside the fact that Western Reserve is unlikely to have proven anything merely through affidavits at the summary judgment stage, nowhere does Western Reserve attempt to provide the court with the elements of fraud or the grounds for liability that it supposedly has handily satisfied. Nothing that Western Reserve has asserted amounts to an argument, and none of the evidence it has incorporated by reference satisfies the requirements of the local rule, especially given that Western Reserve has made no citations to the evidence it references. In addition, it has nowhere provided the court with any law — case law, statute, or otherwise — which is required by the local rule to support the arguments it should have provided.
 {¶ 14} As a result of Western Reserve's failure to present any argument beyond mere assertion, we find that its appeal is frivolous. Under App.R. 23, a frivolous appeal is one that presents no reasonable question for review. See Talbott, at 226. Once a court of appeals determines that an appeal is frivolous, App.R. 23 allows the court discretion to "require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." This court has previously held that a frivolous appeal has been grounds for the imposition of sanctions against the appellant. See Barnoff v. George SinglerEnterprises, Inc. (Nov. 1, 1995), 9th Dist. No. 2419-M; Bradleyv. B G Awning (July 6, 1988), 9th Dist. No. 13449; Hamrick v.Wellman Products Group, 9th Dist. No. 03CA0146-M,2004-Ohio-5170. We exercise our discretion in this case and require that Appellant pay $250 towards the attorneys' fees of the Appellees. When an attorney fails to follow the local rules of court, such omissions not only consume unnecessarily the time and resources of the court, but also place an improper burden upon the opponent to present a record and argue and develop the assignments of error. The local rules in this district clearly forbid submission of a brief as improperly executed and as devoid of substance as Western Reserve's brief is in this case.
 {¶ 15} The judgment of the Summit County Court of Common Pleas is affirmed. Appellant is ordered to pay $250 towards the attorneys' fees of Appellees.
Judgment accordingly
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J. Moore, J. Concur.