[Cite as *Huston v. Huston*, 2022-Ohio-1744.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| ALECIA HUSTON | | C.A. No.     29983 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DWAYNE HUSTON | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.     DR 2015-03-0714 |

DECISION AND JOURNAL ENTRY

Dated: May 25, 2022

TEODOSIO, Judge.

{¶1}    Appellant, Dwayne Huston, appeals from the April 13, 2021, judgment entry of the Summit County Court of Common Pleas, Domestic Relations Division, overruling his objections to the magistrate's decision.  This Court affirms.

I.

{¶2}    In a prior appeal, this Court set out the pertinent facts and procedural history of this case as follows:

Dwayne and Alecia Huston divorced in 2016.  They are the parents of three children, all of whom were minors at the time of the divorce.  The divorce decree provided that Ms. Huston would be the residential parent of the minor children and that Mr. Huston would have supervised companionship time, subject to the ongoing recommendations of a counselor.  Within six months of the divorce decree, Mr. Huston filed his first motion to reallocate parental rights and responsibilities.  He filed a supplement to that motion on June 7, 2017, and on April 17, 2018, he filed another motion.  With respect to each, the trial court determined that Mr. Huston did not demonstrate a change in circumstances that warranted designating Mr. Huston as the residential parent, although the trial court made some modifications to the parenting-time schedule and the conditions under which parenting time could be exercised.

On November 21, 2019, Mr. Huston again moved to reallocate parental rights, raising many of the same arguments regarding the nature of his relationship with Ms. Huston that he had raised in previous motions. The trial court adopted a magistrate's decision and denied Mr. Huston's motion on March 16, 2020, concluding that Mr. Huston had failed to demonstrate a change in circumstances. Mr. Huston filed objections and supplemental objections to the magistrate's decision. The trial court denied all of Mr. Huston's objections, and Mr. Huston [appealed].

*Huston v. Huston ("Huston I")*, 9th Dist. Summit No. 29808, 2021-Ohio-1077, ¶ 2-3. On appeal, we overruled Mr. Huston's eight assignments of error and affirmed the trial court's judgment. *Id.* at ¶ 8. Mr. Huston appealed our decision, but the Supreme Court of Ohio declined to accept jurisdiction. *See Huston v. Huston*, 163 Ohio St.3d 1505, 2021-Ohio-2401.

{¶3} Meanwhile, Mr. Huston was found to be in contempt of court in May 2018 "for failure to abide by order of court directing him to refrain from providing certain information to the children[,]" and the trial court temporarily suspended his parenting time. The court permitted him to purge the contempt by re-engaging in weekly therapy with Dr. Michael Smith and completing an anger management assessment. Mr. Huston filed two notices of compliance in December 2018 and July 2019. Although the trial court recognized his completion of the anger management assessment, it also found that he had stopped his counseling with Dr. Smith. Mr. Huston filed another notice of compliance a month later, and two hearings were held before a magistrate in May 2020 and July 2020. Upon finding that Mr. Huston failed to present any evidence that he had complied with the May 2018 order, the magistrate declined to reinstate his parenting time. The trial court adopted the magistrate's findings and entered judgment on the matter. Mr. Huston filed an objection and a supplemental objection to the magistrate's decision. In overruling those objections, the trial court found that Mr. Huston: failed to point to any specific finding of fact in the magistrate's decision in which he believed the Court erred; alleged error contained in a

different judgment entry; and failed to establish any evidence that he had complied with prior court orders.

{¶4}    Mr. Huston now appeals from the trial court's April 13, 2021, judgment entry overruling his objections to the magistrate's decision and raises eight assignments of error for this Court's review.  Because all of his assignments of error must be overruled for the same reason, we have consolidated them to facilitate our review.

II.

### ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED BY WILLFULLY NEGLECTING, AIDING, ABETTING, AND PARTICIPATING IN THE MENTAL INJURY OF THE HUSTON CHILDREN AND INTIMATE PARTNER VIOLENCE OF [MR. HUSTON], AS COURT ORDERED LICENSED PSYCHOLOGISTS AND GAL REPORTED TO THE [TRIAL] COURT WOULD OCCUR TO THE HUSTON CHILDREN AND [MR. HUSTON] BY [MS. HUSTON].  OHIO REVISED CODE 2151.031 ABUSED CHILD DEFINED * * * AS USED IN THIS CHAPTER, AN "ABUSED CHILD" INCLUDES ANY CHILD WHO: (D) BECAUSE OF THE ACTS OF HIS PARENTS, GUARDIAN, OR CUSTODIAN, SUFFERS PHYSICAL OR MENTAL INJURY THAT HARMS OR THREATENS TO HARM THE CHILD'S HEALTH OR WELFARE.

### ASSIGNMENT OF ERROR TWO

THE TRIAL COURT IS SUPPORTING AND PUSHING THE TRAUMA REENACTMENT NARRATIVE OR PARALLEL PROCESS AND ERRED BY OBSTRUCTING JUSTICE, TRUTH, DUE PROCESS, AND BEST INTERESTS OF THE HUSTON CHILDREN.  THE FACTS AND EVIDENCE OVERWHELMINGLY PROVE THE TRIAL COURT ABUSE[D] ITS POWER TO CREATE CONFLICTS OF INTERESTS WITH LICENSED LAWYERS AND MENTAL HEALTH PERSONNEL TO CREATE THE FALSE NARRATIVE THAT IT IS IN THE BEST INTERESTS OF THE HUSTON CHILDREN TO INFLICT ATTACHMENT TRAUMA WITH [MR. HUSTON]. THE TRIAL COURT FAILED TO COMPLY WITH OHIO CODE OF JUDICIAL CONDUCT CANON 2 – "A JUDGE SHALL PERFORM THE DUTIES OF JUDICIAL OFFICE IMPARTIALLY, COMPETENTLY, AND DILIGENTLY[."]  SPECIFICALLY, WITH RULE 2.1 GIVING PRECEDENCE TO THE DUTIES OF JUDICIAL OFFICE[,] RULE 2.2 IMPARTIALITY AND FAIRNESS, RULE 2.3 BIAS, PREJUDICE, AND HARASSMENT, RULE 2.9 EX PARTE CONTACTS AND COMMUNICATIONS WITH OTHERS, RULE 2.11

DISQUALIFICATION, RULE 2.12 SUPERVISORY DUTIES, AND RULE 2.15 RESPONDING TO JUDICIAL AND LAWYER MISCONDUCT.

## ASSIGNMENT OF ERROR THREE

THE TRIAL COURT FAILED TO COMPLY WITH [THE] OHIO CODE OF JUDICIAL CONDUCT CANONS, AND THE COURT'S DUTY TO CARE AND DUTY TO PROTECT THE CHILDREN AND THE DEFENDANT AS REPORTED TO THIS COURT BEING REQUIRED BY THE THREE COURT ORDERED LICENSED MENTAL HEALTH PERSONNEL AND THE HUSTON CHILDREN'S GAL, AS SUMMARIZED IN (EXHIBIT CL) SOURCE OF CHILD ABUSE TABLE – WHICH PARENT IS THE SOURCE OF PATHOGENIC PARENTING CREATING ATTACHMENT PATHOLOGY. THE TRIAL COURT FAILED TO COMPLY WITH OHIO CODE OF JUDICIAL CONDUCT CANON 2 – "A JUDGE SHALL PERFORM THE DUTIES OF JUDICIAL OFFICE IMPARTIALLY, COMPETENTLY, AND DILIGENTLY[."] SPECIFICALLY, WITH RULE 2.5 COMPETENCE, DILIGENCE, AND COOPERATION.

## ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT FAILED TO COMPLY WITH THE INTENTIONS OF "THE BEST INTERESTS OF THE [HUSTON] CHILDREN STANDARD[,"] DIRECTION AND LAWS INTENDED TO ADDRESS THE ISSUES IDENTIFIED IN THE "FAMILY LAW REFORM: MINIMIZING CONFLICT, MAXIMIZING FAMILIES" BY THE OHIO TASK FORCE ON FAMILY LAW AND CHILDREN – SUPREME COURT, WHICH DOCUMENTS MORE CLEARLY THE ESSENCE AND INTENTIONS OF OHIO REVISED CODE 3109.04.

## ASSIGNMENT OF ERROR FIVE

WHILE UNDER THE ACCOUNTABILITY, ORDERS, AND CONTROL OF THE TRIAL COURT, THE TRIAL COURT ERRED IN PROVIDING THE HUSTON FAMILY WITH MENTAL HEALTH SERVICES THAT FAILED TO MEET PROFESSIONAL STANDARDS OF PRACTICE OR CARE, WHICH VIOLATED THE FOLLOWING ETHICAL PRINCIPLES OF PSYCHOLOGISTS, CODE OF CONDUCT OF THE AMERICAN PSYCHOLOGICAL ASSOCIATION (APA), AND OHIO ADMINISTRATIVE CODES (OAC) RULES OF PROFESSIONAL CONDUCT, WHICH IS MALPRACTICE * * *.

## ASSIGNMENT OF ERROR SIX

WHILE UNDER THE ACCOUNTABILITY, ORDERS, AND CONTROL OF THE TRIAL COURT, THE TRIAL COURT ERRED IN NOT REPORTING

ILLEGAL MENTAL HEALTH SERVICES TO THE OHIO LICENSING BOARDS THAT FAILED TO MEET PROFESSIONAL STANDARDS OF PRACTICE OR CARE OR MALPRACTICE. SEE 4732-19-01 ENFORCEMENT AND DISCIPLINE. LICENSED PSYCHOLOGISTS AND LICENSED SCHOOL PSYCHOLOGISTS GOVERNED BY CHAPTER 4732. OF THE REVISED CODE AND BY THESE RULES SHALL BE DISCIPLINED IN ACCORDANCE WITH CHARPERTS 4732. AND 119. OF THE REVISED CODE FOR VIOLATION OF THESE RULES * * *.

## ASSIGNMENT OF ERROR SEVEN

WHILE UNDER THE ACCOUNTABILITY, ORDERS, AND CONTROL OF THE TRIAL COURT, THE TRIAL COURT ERRED BY DEEMING THEMSELVES COMPETENT AND LICENSED TO PRACTICE BEHAVIORAL SCIENCE AND JUDGE WHICH LICENSED MENTAL HEALTH PROVIDER SUBMITTED TRUE TESTIMONY TO THE TRIAL COURT AND WHICH LICENSED MENTAL HEALTH PROVIDER SUBMITTED FALSE TESTIMONY TO THE TRIAL COURT OR COMMITTED MALPRACTICE, WHEN MENTAL HEALTH EVIDENCE, LACKING INTER-RATER RELIABILITY, WAS REPORTED TO THE TRIAL COURT. SUCH JUDG[]MENT REQUIRES COMPETENCE AND LICENSURE WHICH IS THE JURISDICTION OF THE OHIO BOARD OF PSYCHOLOGY. SEE CHAPTER 4732.01 PSYCHOLOGIST DEFINITIONS (B) "THE PRACTICE OF PSYCHOLOGY" MEANS RENDERING OR OFFERING TO RENDER TO INDIVIDUALS, GROUPS, ORGANIZATIONS, OR THE PUBLIC ANY SERVICE INVOLVING THE APPLICATION OF PSYCHOLOGICAL PROCEDURES TO ASSESSMENT, DIAGNOSIS, PREVENTION, TREATMENT, OR AMELIORATION OF PSYCHOLOGICAL PROBLEMS OR EMOTIONAL OR MENTAL DISORDERS OF INDIVIDUALS OR GROUPS; OR TO THE ASSESSMENT OR IMPROVEMENT OF PSYCHOLOGICAL ADJUSTMENT OR FUNCTIONING OF INDIVIDUALS OR GROUPS, WHETHER OR NOT THERE IS A DIAGNOSABLE PRE-EXISTING PSYCHOLOGICAL PROBLEM * * * PSYCHOLOGICAL PROCEDURES WHICH CREATE A SERIOUS HAZARD TO MENTAL HEALTH AND REQUIRE PROFESSIONAL EXPERTISE IN PSYCHOLOGY (B) THE FOLLOWING PSYCHOLOGICAL PROCEDURES ARE A SERIOUS HAZARD TO MENTAL HEALTH AS THAT TERM IS DEFINED IN PARAGRAPH (L) OF RULE 4732-3-01 OF THE ADMINISTRATIVE CODE AND REQUIRE PROFESSIONAL EXPERTISE IN PSYCHOLOGY: (1) PSYCHOLOGICAL AND SCHOOL PSYCHOLOGICAL DIAGNOSIS * * *.

## ASSIGNMENT OF ERROR EIGHT

THE TRIAL COURT ERRED BY IGNORING REPORTS FROM LICENSED MENTAL HEALTH TO PROVIDE THE SPECIALIZED TREATMENT THE HUSTON CHILDREN AND FAMILY REQUIRES TO SUCCESSFULLY

TRANSITION INTO A HEALTHY SEPARATED FAMILY STRUCTURE. THE TRIAL COURT ERRED TO MINIMIZING CONFLICT AND MAXIMIZING FAMILY, WHICH MAXIMIZED EXPENSIVE LITIGATION. THE TRIAL COURT ERRED BY ENABLING [MS. HUSTON'S] ATTORNEY TO MAKE THE SIMPLEST TASKS LIKE DIVIDING HOUSEHOLD ASSETS AND OBTAINING REQUIRED INFORMATION FOR [MR. HUSTON] TO FILE FEDERAL AND STATE TAXES "HIGH CONFLICT[,"] REQUIRING EXPENSIVE LITIGATION RATHER THAN MINIMIZING CONFLICT. * * * THE TRIAL COURT ERRED AND TOOK ADVANTAGE OF THE "HIGH CONFLICT PERSONALITY" OF [MS. HUSTON], AS COURT ORDERED LICENSED PSYCHOLOGISTS AND GAL REPORTED TO THE [TRIAL] COURT, WHICH WAS NOT IN THE BEST INTERESTS OF THE HUSTON CHILDREN OR FAMILY.

{¶5} We first recognize that Mr. Huston has proceeded with this appeal pro se. With respect to pro se litigants, this Court has determined:

[P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party.

*State v. Goldshtein*, 9th Dist. Summit No. 25700, 2012-Ohio-246, ¶ 6, quoting *Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶ 3.

{¶6} Res judicata bars the assertion of claims against a valid, final judgment that have been raised or could have been raised on appeal. *Prussak-Klein v. Durachinsky*, 9th Dist. Summit No. 26780, 2013-Ohio-4894, ¶ 24. Ms. Huston has argued that Mr. Huston's brief in this matter is almost a word-for-word recitation of the merit brief he filed in *Huston I*, even though a different judgment entry was the subject of that appeal. In his first, fourth, fifth, and eighth assignments of error, Mr. Huston appears to again argue error in connection with earlier rulings that pertained to custody matters and to the divorce decree itself. He neglects, however, to assign any error to the trial court's April 13, 2021, judgment entry overruling his objections to the magistrate's decision,

which is the order designated in his notice of appeal. As we determined in *Huston I*, "[n]o appeals were taken from those earlier orders, and these arguments are both untimely and beyond the scope of this appeal." *Huston I* at ¶ 4. *See also State v. Dixon*, 9th Dist. Summit No. 21463, 2004-Ohio-1593, ¶ 7, quoting *Slone v. Bd. of Embalmers & Funeral Dirs. of Ohio*, 123 Ohio App.3d 545, 548 (8th Dist.1997) ("An appellate court 'is without jurisdiction to review a judgment or order that is not designated in the appellant's notice of appeal.'"). In his second, third, sixth, and seventh assignments of error, Mr. Huston appears to again suggest that the trial court violated various professional standards and the Code of Judicial Conduct or Rules for the Government of the Judiciary. As we determined in *Huston I*, "[a]llegations of judicial misconduct * * * are not within this Court's jurisdiction." *Huston I* at ¶ 6. Because we overruled these same assignments of error in *Huston I*, res judicata now prohibits Mr. Huston from relitigating them again. *See Weber v. Devanney*, 9th Dist. Summit No. 29374, 2020-Ohio-4450, ¶ 22.

{¶7} Accordingly, Mr. Huston's assignments of error are all overruled.

{¶8} Ms. Huston has also moved this Court for attorney's fees in this matter and argues that this appeal is frivolous, as it does not identify any errors in the April 13, 2021, judgment entry, recycles the same merit brief previously filed in *Huston I*, and attempts to relitigate issues that have already been resolved. She attached an itemized invoice to her motion detailing a total of $2,690.00 in attorney's fees she incurred in defending against this appeal between May 25, 2021, and July 1, 2021. Mr. Huston responded with a motion to quash Ms. Huston's motion for fees, arguing that *Huston I* was decided without certain "vital evidence" (e.g., his objections to the magistrate's decision and the court's April 13, 2021, judgment entry overruling his objections) and explaining that he reused the same arguments in this appeal because they are "even more fully substantiated with [additional] evidence * * *."

{¶9} Pursuant to App.R. 23: "If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." "'Under App.R. 23, a frivolous appeal is one that presents no reasonable question for review.'" *Moss v. Lorain Cty. Bd. of Mental Retardation*, 9th Dist. Lorain No. 13CA010335, 2014-Ohio-969, ¶ 15, quoting *W. Res. Logistics v. Hunt Machine & Mfg. Co.*, 9th Dist. Summit No. 23124, 2006-Ohio-5070, ¶ 14. "'App.R. 23 serve[s] two important functions: compensation for the non-appealing party for the defense of spurious appeals, and deterrence of frivolity to preserve the appellate calendar for cases truly worthy of consideration.'" *Jackson v. Walker*, 9th Dist. Summit No. 22996, 2006-Ohio-4351, ¶ 7, quoting *Eatherton v. New York Life Ins. Co.*, 6th Dist. No. L-05-1171, 2006-Ohio-2233, ¶ 16.

{¶10} Upon review, we conclude that Mr. Huston's appeal in this matter is wholly frivolous. Despite appealing from the trial court's April 13, 2021, judgment entry overruling his objections to the magistrate's decision, Mr. Huston has failed to raise any issues germane to that entry. He has instead chosen to refile an almost exact replica of the merit brief he filed in *Huston I*, which proved unsuccessful in challenging a different judgment entry. This Court has previously recognized that where there is no reasonable ground in law or fact for a reversal, the expenditure of this state's judicial resources can serve no valid purpose. *In re K.D.*, 9th Dist. Wayne No. 06CA0027, 2006-Ohio-4730, ¶ 15. "'While citizens have a right of access to our nation's courts, they do not have a right to frustrate the workings of the judicial system or to abuse the judicial process * * *.'" *Id.*, quoting *Stupelli v. Rose*, 9th Dist. Lorain No. 95CA006078, 1995 WL 608387, *2 (Oct. 18, 1995). We further find, based on our review of the itemized invoice submitted, that the amount of attorney's fees requested in this matter is reasonable. We therefore exercise our discretion in this matter and order Mr. Huston to pay Ms. Huston's reasonable attorney's fees in

the amount of $2,690.00 as a sanction for unnecessarily consuming the resources of this Court and for imposing an improper burden upon Ms. Huston to develop and present her own argument on appeal. *See Cardservice Internatl., Inc. v. Farmer*, 9th Dist. Summit No. 24642, 2009-Ohio-3692, ¶ 12; *W. Res. Logistics* at ¶ 14.

### III.

**{¶11}** Mr. Huston's assignments of error are all overruled. The judgment of the Summit County Court of Common Pleas is affirmed. Mr. Huston is ordered to pay Ms. Huston's attorney's fees in the amount of $2,690.00.

Judgment affirmed.

———

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

DWAYNE HUSTON, pro se, Appellant.

CHARLES M. BUDDE, CHARLES E. GRISI, and GUENNA BOLINGER, Attorneys at Law, for Appellee.