[Cite as *Moss v. Lorain Cty. Bd. of Mental Retardation*, 2014-Ohio-969.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF LORAIN | ) | | |

JACOB MOSS, et al.

     Appellees

     v.

LORAIN COUNTY BOARD OF MENTAL
RETARDATION, et al.

     Appellants

C.A. No.     13CA010335

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    08CV157287

DECISION AND JOURNAL ENTRY

Dated: March 17, 2014

---

MOORE, Presiding Judge.

{¶1} Defendant-Appellants, the Lorain County Board of Mental Retardation and the Lorain County Board of Mental Retardation and Developmental Disabilities (collectively, "the Board"), appeal from the decision of the Lorain County Court of Common Pleas in favor of Plaintiff-Appellees, Kim and Jacob Moss (collectively, "the Mosses"). This Court affirms.

I.

{¶2} In August 2007, seven-year-old Jacob Moss was severely burned when he wandered into the kitchen area of his classroom at Murray Ridge School and spilled a pot of hot coffee on himself. Because Jacob had Down syndrome and several other diagnosed disorders, he required constant supervision. Moreover, it was the policy of Murray Ridge School, which was owned and operated by the Board, not to allow students in the kitchen area by themselves.

{¶3} After Jacob was injured, his mother brought a personal injury and loss of consortium suit against the Board and its employees. The Board and several of its employees

filed a motion for judgment on the pleadings, claiming that they were statutorily immune from suit under R.C. 2744.02. The Mosses opposed the motion, and the trial court ultimately denied it. The Board and its employees then appealed from the court's denial of their motion.

{¶4} On appeal, this Court affirmed the trial court's decision. *See Moss, et al. v. Lorain County Board of Mental Retardation*, 185 Ohio App.3d 395, 2009-Ohio-6931 (9th Dist.). We held that the Mosses' complaint alleged sufficient facts that, if proven, would demonstrate that (1) the sovereign immunity exception contained in R.C. 2744.02(B)(4) applied so as to expose the Board to liability for damages, and (2) the Board's employees had acted in a wanton and reckless manner such that the Board's immunity could not be restored. *Id.* at ¶ 16-20. We concluded that the Board and its employees were not immune from liability with respect to the Mosses' complaint. *Id.* at ¶ 33. The Board appealed our decision to the Ohio Supreme Court, but the Supreme Court denied review.

{¶5} After this Court's decision, the Mosses voluntarily dismissed their claims against several of the Board's employees, leaving intact the suit against the Board and one of its employees, Amanda Hamilton. The Board then filed an amended answer and third-party complaint with the court's permission. In its amended answer, the Board asserted a cross-claim against Hamilton. In its third-party complaint, the Board impleaded the Elyria City School District ("the School District"), the entity that allegedly had employed, trained, and assigned Hamilton to Jacob's classroom. Both pleadings sought contribution from the named parties in the event the Board was held liable for Jacob's injuries.

{¶6} Subsequently, Hamilton and the School District filed a motion for summary judgment. The motion alleged that Hamilton and the School District were not liable in an action for contribution because they had entered into a good faith settlement with the Mosses in

exchange for the Mosses releasing any potential claims against them. The Board filed a brief in opposition, "or, in the alternative, [a] motion for judgment on the pleadings on R.C. Chapter 2744 immunity grounds only." With regard to the latter, the Board alleged that Hamilton and the School District's removal from the suit would "alter[]" the Mosses' complaint and entitle the Board to sovereign immunity. Specifically, the Board alleged that their removal would negate the allegation of employee negligence in the Mosses' complaint such that the complaint would no longer expose the Board to liability under R.C. 2744.02(B)(4)'s exception to immunity. The Mosses filed a memorandum in opposition to the portion of the Board's motion that sought a judgment on the pleadings.

{¶7} On December 21, 2012, the trial court granted Hamilton and the School District's motion for summary judgment and denied the Board's motion for judgment on the pleadings. The Board has appealed solely from the trial court's denial of its motion for judgment on the pleadings and has raised one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN DENYING [THE BOARD] THE BENEFITS
OF STATUTORY IMMUNITY UNDER R.C. CHAPTER 2744.

{¶8} In its sole assignment of error, the Board argues that the trial court erred by denying its motion for judgment on the pleadings. We disagree.

{¶9} "[W]e review a trial court's ruling on a motion for judgment on the pleadings pursuant to the de novo standard, * * * affording no deference to the findings of the trial court." (Internal citation omitted.) *Moss*, 185 Ohio App.3d 395, 2009-Ohio-6931, at ¶ 8. In doing so, we "confine our review to the pleadings, accepting all factual allegations in the complaint as true, and making all reasonable inferences in favor of the nonmoving party." *Id.* "Judgment on

the pleadings is appropriate if it is clear that the nonmoving party can prove no set of facts that would entitle that party to relief." *Id.*

{¶10} In order to determine whether a political subdivision is immune from liability, we engage in a three-tiered analysis. *Cater v. Cleveland*, 83 Ohio St.3d 24, 28 (1998), *abrogated on other grounds*, *M.H. v. Cuyahoga Falls*, 134 Ohio St.3d 65, 2012-Ohio-5336. The first tier sets forth the premise that

> [e]xcept as provided in division (B) of [R.C. 2744.02], a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

R.C. 2744.02(A)(1). Pursuant to the second tier, we determine whether one of the five exceptions to immunity outlined in R.C. 2744.02(B) applies to hold the political subdivision liable for damages. *Cater* at 28. Lastly, immunity may be restored, and the political subdivision will not be liable, if one of the defenses enumerated in R.C. 2744.03(A) applies. *Id.*

{¶11} In the prior appeal in this matter, we examined the Mosses' complaint and analyzed whether the Board was entitled to immunity under the three-tiered analysis set forth in *Cater*. We held that the Board was a political subdivision performing governmental functions and, thus, was "entitled to immunity pursuant to R.C. 2744.02(A)(1). *Moss* at ¶ 11. *See also Cater* at 28 (first tier of immunity analysis discussed). We further held, however, that the Mosses' complaint alleged sufficient facts that, if proven, would demonstrate an exception to immunity applied. *Moss* at ¶ 12-16. *See also Cater* at 28 (second tier of immunity analysis discussed). Those factual allegations included allegations of employee negligence in the supervision of Jacob on the date of the incident, as well as in the design, maintenance, and construction of the facility where Jacob's injuries occurred. The allegations also included that

Jacob's injuries resulted from a physical defect within the grounds of the school. This Court held that the allegations, if proven, would satisfy the exception to immunity contained in R.C. 2744.02(B)(4). *Moss* at ¶ 16. Moreover, because the complaint contained sufficient allegations that the Board's employees had acted in a wanton or reckless matter, we concluded that the Board's immunity could not be restored under R.C. 2744.03. *Moss* at ¶ 17-20. *See also Cater* at 28 (third tier of immunity analysis discussed). This Court held that the trial court did not err by denying the Board's motion for judgment on the pleadings on the basis of immunity. *Moss* at ¶ 20.

{¶12} Although the Board acknowledges the *Moss* decision, it argues that the Mosses somehow altered their complaint when they later settled with Hamilton and the School District. The Board notes that the immunity exception contained in R.C. 2744.02(B)(4) requires an injury to have been "caused by negligence on the part of the [B]oard's employees." *Moss*, 185 Ohio App.3d 395, 2009-Ohio-6931, at ¶ 13, citing R.C. 2744.02(B)(4). According to the Board, Hamilton was the only named employee left in the Mosses' complaint after the Mosses voluntarily dismissed the other employees from the suit and the School District was the entity that actually employed Hamilton. As such, the Board contends that, when the Mosses settled with Hamilton and the School District, they "fundamentally altered the pleadings" and "effectively lifted the first element of the R.C. 2744.02(B)(4) exception – i.e., employee negligence – out of the case."

{¶13} As this Court noted in the original decision in this matter, an appellate court "must confine [its] review to the pleadings" when reviewing a trial court's decision to deny a motion for judgment on the pleadings. *Moss* at ¶ 8. The settlement into which the Mosses, Hamilton, and the School District entered is a matter outside the scope of the pleadings.

Moreover, the Board has failed to cite this Court to any applicable authority in support of its argument that a settlement somehow retroactively alters a plaintiff's complaint, absent any further action on the part of the plaintiff. *See* App.R. 16(A)(7). This Court will not construct an argument an appellant's behalf where none exists. *See Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998) ("If an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out.)". We, therefore, reject the Board's unsupported argument regarding the effect of the Mosses' settlement with Hamilton and the School District.

{¶14} The Board also argues that it was entitled to judgment on the pleadings because the Mosses' complaint failed to plead a physical defect. *See Moss* at ¶ 13, citing R.C. 2744.02(B)(4). The record reflects, however, that the Board did not raise the foregoing argument in its November 2012 motion for judgment on the pleadings. More importantly, this Court held in the prior appeal in this matter that the Mosses' complaint satisfied both the negligence and physical defect aspects of R.C. 2744.02(B)(4). *Moss* at ¶ 14-16. Those holdings became the law of the case, and the Board has not demonstrated any "extraordinary circumstances" that would excuse that doctrine's application. *See Nolan v. Nolan*, 11 Ohio St.3d 1 (1984), syllabus ("Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case."). The Board is not immune from suit with regard to the Mosses' complaint. *See Moss*, *supra*. As such, the trial court did not err by denying its motion for judgment on the pleadings.

{¶15} This Court notes that the Mosses have asked this Court to impose sanctions upon the Board for filing a frivolous appeal. *See* App.R. 23. "Under App.R. 23, a frivolous appeal is

one that presents no reasonable question for review." *W. Res. Logistics v. Hunt Maching & Mfg. Co.*, 9th Dist. Summit No. 23124, 2006-Ohio-5070, ¶ 14. "Although [the Board] has raised some issues that lack substantial basis in the law, [its] actions do not rise to the level of frivolity required to permit sanctions under the Appellate Rules." *Weber v. Weber*, 9th Dist. Lorain No. 98CA007149, 1999 WL 975113, *3 (Oct. 20, 1999). Therefore, we decline to impose sanctions upon the Board at this time. *See In re K.D.*, 9th Dist. Wayne No. 06CA0027, 2006-Ohio-4730, ¶ 13 ("A court of appeals is vested with the discretion to determine whether sanctions are warranted."). The Board's sole assignment of error is overruled.

III.

{¶16} The Board's sole assignment of error is overruled. The decision of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

                                    _____

CARLA MOORE
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

MATTHEW JOHN MARKLING, PATRICK VROBEL and SEAN KORAN, Attorneys at Law, for Appellants.

FRANK GALLUCCI, III, and MICHAEL SHROGE, Attorneys at Law, for Appellees.

PAUL W. FLOWERS, Attorney at Law, for Appellees.