[Cite as *Traylor v. Timber Top, Inc.*, 2016-Ohio-283.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

LISA TRAYLOR, Administrator of the
Estate of Nicholas Lowell Shaffer, deceased

      Appellant

      v.

TIMBER TOP, INC.

      Appellee

C.A. No.     27711

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2014 07 3248

DECISION AND JOURNAL ENTRY

Dated: January 27, 2016

---

HENSAL, Presiding Judge.

{¶1}   Lisa Traylor appeals a judgment of the Summit County Court of Common Pleas that granted Timber Top, Inc.'s motion to dismiss. For the following reasons, this Court reverses.

I.

{¶2}   Ms. Traylor filed a complaint against Timber Top after her son Nicholas drowned on the premises of its apartment complex. She alleged negligence, breach of lease agreement, and wrongful death. She also included a request for damages for loss of consortium and for punitive damages. After Timber Top moved to dismiss her complaint under Civil Rule 12(B)(6), Ms. Traylor sought leave to amend it. The trial court granted her request. Ms. Traylor filed an amended complaint, but Timber Top again moved to dismiss it. The trial court granted its motion over Ms. Traylor's opposition, concluding that the amended complaint failed to set forth

any claims. It dismissed Ms. Traylor's complaint with prejudice. Ms. Traylor has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

MS. TRAYLOR'S CLAIMS ADEQUATELY STATED ALL CAUSES OF ACTION AND, THEREFORE, SHOULD NOT HAVE BEEN DISMISSED.

{¶3} Ms. Traylor argues that the trial court incorrectly granted Timber Top's motion to dismiss. We review an order granting a Civil Rule 12(B)(6) motion to dismiss de novo. *Perrysburg Twp. v. City of Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5. Given the notice pleading requirements of the civil rules, "a plaintiff is not required to prove his or her case at the pleading stage. Very often, the evidence necessary for a plaintiff to prevail is not obtained until [he] is able to discover materials in the defendant's possession." *York v. Ohio State Highway Patrol*, 60 Ohio St.3d 143, 144-145 (1991). "Thus, to survive a motion to dismiss for failure to state a claim upon which relief can be granted, a pleader is ordinarily not required to allege in the complaint every fact he or she intends to prove[.]" *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 549 (1991). "A 'short and plain statement of the claim' will do." *Gall v. Dye*, 9th Dist. Lorain No. 98CA007183, 1999 WL 692440, *4 (Sept. 8, 1999), quoting Civ.R. 8(A). According to the 1970 staff notes for Rule 8(A), "[u]nder Rule 8(A) much less emphasis is placed on the form of the language in the complaint, distinctions between 'facts,' 'conclusions of law,' and 'evidence' being minimized so long as the operative grounds underlying the claim are set forth so as to give adequate notice of the nature of the action."

{¶4} In considering a motion to dismiss under Civil Rule 12(B)(6), we must consider only the facts alleged in the complaint and any material incorporated into it. *See* Civ.R. 12(B); Civ.R. 10(C); *State ex rel. Crabtree v. Franklin Cty. Bd. of Health,* 77 Ohio St.3d 247, 249 n.1

(1997). At this stage, we "must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). "Then, before we may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts warranting a recovery." *Id.* "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York*, 60 Ohio St.3d at 145. In *York*, the Ohio Supreme Court held that the plaintiff's allegations that, "although [he] was not disturbing the peace or violating the law, the officers pursued him 'negligently, needlessly, willfully and maliciously,' and used excessive force to engage in a high speed chase with him" was sufficient to survive a motion to dismiss under Rule 12(B)(6). *Id*.

{¶5} In her amended complaint, Ms. Traylor alleged that she and her son lived at Timber Top's apartment complex pursuant to a written lease. She alleged that her son was a child and disabled, which, she asserted, enhanced the duty of care that Timber Top owed to him. She also alleged that Timber Top failed to exercise reasonable care in discharging its duty of care, that it failed to adequately warn her about the "foreseeable dangerous conditions regarding of flooding and water control on the premises," and that it "negligently and recklessly failed to plan for storm water runoff" at its property. She further alleged that, as a result of Timber Top's acts and omissions, her son suffered severe pain and suffering and "fatal and catastrophic personal injuries * * *."

{¶6} Regarding her breach of lease claim, Ms. Traylor alleged that she had a written lease agreement with Timber Top, that it breached the lease agreement, and that the breach created a risk of harm to her son. With respect to her wrongful death claim, she alleged that her son died as a result of Timber Top's negligent, reckless, or intentional acts or omissions.

{¶7} Because Ms. Traylor's negligence and wrongful death claims are similar, we will consider them together. "To maintain an action for damages for wrongful death upon the theory of negligence, a plaintiff must show (1) the existence of a duty owing to plaintiff's decedent, *i.e.*, the duty to exercise ordinary care, (2) a breach of that duty, and (3) proximate causation between the breach of duty and the death." *Bennison v. Stillpass Transit Co.*, 5 Ohio St.2d 122 (1966), paragraph one of the syllabus. Ms. Traylor pleaded each of those elements in her amended complaint. We also note that landlords owe their tenants a duty to keep the common areas of their premises "in a safe and sanitary condition." *Mann v. Northgate Investors, L.L.C.*, 138 Ohio St.3d 175, 2014-Ohio-455, ¶ 23.[1] Accordingly, upon review of the amended complaint, we conclude that its allegations regarding negligence and wrongful death are sufficient to survive a motion to dismiss under Rule 12(B)(6). *See Gall*, 1999 WL 692440 at *4. The trial court, therefore, erred when it granted Timber Top's motion to dismiss with respect to those claims.

{¶8} Regarding Ms. Traylor's breach of lease claim, the trial court dismissed it because Ms. Traylor did not provide that she was re-alleging or incorporating the previous paragraphs of her complaint into that section of it and, thus, failed to state a claim. We can find no requirement in the civil rules that require a plaintiff to include a specific statement in each section of her complaint indicating that the allegations in the other parts of the complaint also apply to that section. Requiring a complaint to include a specific statement in each section that incorporates its other allegations is also contrary to the mandate that we "make all reasonable inferences in

---

[1] The parties disagree over whether it is a duty of ordinary care or an enhanced duty of care because Ms. Traylor's son was disabled. *See Di Gildo v. Caponi*, 18 Ohio St.2d 125, 127 (1969) (explaining that children may be owed a greater degree of care). Inasmuch as the trial court dismissed Ms. Traylor's amended complaint because it failed to state *any* claims, we conclude that it is not appropriate at this time to resolve the exact standard of care that Timber Top owed Ms. Traylor's son.

favor of the non-moving party" and that a motion to dismiss should be granted only if it is "beyond doubt that plaintiff can prove no set of facts warranting a recovery[.]" *York*, 60 Ohio St.3d at 144; *Mitchell*, 40 Ohio St.3d at 192. We, therefore, conclude that the trial court erred when it evaluated whether Ms. Traylor's complaint set forth a claim for breach of lease. Ms. Traylor's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY DISMISSING THE COMPLAINT WITH PREJUDICE.

{¶9} Ms. Traylor's second assignment of error is that the trial court erred because it indicated that its dismissal of her complaint was with prejudice. In light of our resolution of her first assignment of error, we conclude that Ms. Traylor's second assignment of error is moot, and it is overruled on that basis. *See* App.R. 12(A)(1)(c).

## III.

{¶10} The trial court incorrectly granted Timber Top's motion to dismiss. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.


JENNIFER HENSAL
FOR THE COURT


WHITMORE, J.
MOORE, J.
CONCUR.


APPEARANCES:

ANDREA WHITAKER and WILLIAM T. WHITAKER, Attorneys at Law, for Appellant.

RONALD B. LEE and CHRISTOPHER E. COTTER, Attorneys at Law, for Appellee.