[Cite as *Elton v. Sparkes*, 2016-Ohio-1067.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

THOMAS ELTON, III, et al.

    Appellees

    v.

DAVID G. SPARKES, et al.

    Appellants

C.A. No.     27684

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2011-12-7168

DECISION AND JOURNAL ENTRY

Dated: March 16, 2016

---

MOORE, Judge.

{¶1}   Defendant-Appellant Akron Board of Education ("the Board") appeals from the judgment of the Summit County Court of Common Pleas denying its motion for summary judgment based upon statutory immunity. We affirm.

I.

{¶2}   On the morning of January 20, 2010, David Sparkes, a school bus driver for the Akron Public Schools, was in the process of driving his bus back to the bus garage when he rear-ended an Akron Police Department cruiser driven by Plaintiff-Appellee Officer Thomas Elton, III. There were no students on board the bus at the time of the accident. The cruiser was stopped waiting to turn left, and   Mr. Sparkes estimated he was going approximately 5 miles per hour when the bus struck the cruiser. Mr. Sparkes admitted that he was at fault. While Mr. Sparkes was uninjured, Officer Elton sustained injuries in the collision, including a torn rotator cuff.

{¶3}    In December 2011, Officer Elton and his wife (collectively "the Eltons") filed a three-count civil complaint against Mr. Sparkes, the Board, Akron Public Schools and a John Doe defendant.  Count one alleged that, "[o]n or about January 20, 2010, on E. North Street * * * the Defendant David G. Sparkes, individually, and/or in the course and scope of his employment with the Defendants, [the Board], Akron Public Schools and/or John Doe #1, * * * negligently operated a school bus into the motor vehicle operated by [Officer Elton]."  The count further alleged that "Defendant's negligence" proximately caused Officer Elton injury.  Count two alleged a claim for loss of consortium, and count three alleged a claim for negligent entrustment against the Board and Akron Public Schools.

{¶4}    The Eltons, pursuant to Civ.R. 41(A)(1)(a), voluntarily dismissed both Mr. Sparkes and Akron Public Schools from the action.  The Board filed a motion for summary judgment, arguing it was immune pursuant to R.C. Chapter 2744.[1]  Specifically, for purposes of that motion only, it acknowledged that the exception to immunity pursuant to R.C. 2744.02(B)(1) applied; however, the Board maintained that R.C. 2744.03(A)(5) operated to reinstate immunity.  In their motion in opposition, the Eltons conceded that summary judgment against them was appropriate on count three, acknowledging that the negligent entrustment claim lacked evidentiary support.  The trial court granted the Board's motion in light of the Eltons' concession; however, it concluded that the Board's motion only sought summary judgment with respect to count three.  Thus, counts one and two remained pending.

{¶5}    Thereafter, the Board filed a motion for reconsideration, or in the alternative, a motion for leave to file another motion for summary judgment.  The trial court denied the motion

---

[1] The summary judgment motion was filed by both the Board and Akron Public Schools; however, prior to the motion being ruled upon, the Eltons voluntarily dismissed Akron Public Schools from the suit.

for reconsideration but granted the Board leave to file a motion for summary judgment. The Board filed a second motion for summary judgment contending that count one did not state a claim against the Board after the dismissal of Mr. Sparkes and that "respondeat superior is not set forth as an exception to the Board's general immunity from liability under R.C. Chapter 2744." The Board thus maintained that none of the exceptions outlined in R.C. 2744.02(B) applied. However, if one of the exceptions did apply, the Board argued that R.C. 2744.03(A)(5) reinstated its immunity. Nonetheless, the argument appeared to be focused on allegations from the Eltons' negligent entrustment claim, not the allegations in count one. The Eltons opposed the motion. Ultimately, the trial court denied the Board's motion concluding that count one stated a claim against the Board, that R.C. 2744.02(B)(1) operated to overcome the general grant of immunity given the Board, and that R.C. 2744.03(A)(5) did not operate to restore the Board's immunity. Thus, the trial court determined that the Board was not immune from liability from the allegations in count one of the complaint.

{¶6} The Board has appealed, raising a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN DENYING DEFENDANT [BOARD] THE BENEFITS OF STATUTORY IMMUNITY UNDER R.C. CHAPTER 2744.

{¶7} The Board argues in its sole assignment of error that the trial court erred in concluding that the Board was not immune. We do not agree.

{¶8} "The denial of a motion for summary judgment is not ordinarily a final, appealable order." *Buck v. Reminderville,* 9th Dist. Summit No. 27002, 2014-Ohio-1389, ¶ 5. However, R.C. 2744.02(C) provides that "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided

in this chapter or any other provision of the law is a final order." Neither side has contested that the Board qualifies as a political subdivision. Thus, because the trial court's judgment denied the Board the benefit of R.C. Chapter 2744 statutory immunity, the judgment is a final, appealable order.

{¶9} In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983). Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The moving party bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996). Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. *Id.* at 293; Civ.R. 56(E).

{¶10} "In order to determine whether a political subdivision is immune from liability, we engage in a three-tiered analysis." *Moss v. Lorain Cty. Bd. of Mental Retardation,* 9th Dist. Lorain No. 13CA010335, 2014-Ohio-969, ¶ 10, citing *Cater v. Cleveland,* 83 Ohio St.3d 24, 28 (1998), abrogated on other grounds, *M.H. v. Cuyahoga Falls*, 134 Ohio St.3d 65, 2012-Ohio-5336. The first tier sets forth the premise that, "[e]xcept as provided in division (B) of [R.C. 2744.02], a political subdivision is not liable in damages in a civil action for injury, death, or loss

to person or property allegedly caused by an act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." *Moss* at ¶ 10, quoting R.C. 2744.02(A)(1). "Pursuant to the second tier, we determine whether one of the five exceptions to immunity outlined in R.C. 2744.02(B) applies to hold the political subdivision liable for damages. Lastly, immunity may be restored, and the political subdivision will not be liable, if one of the defenses enumerated in R.C. 2744.03(A) applies." (Internal citations omitted.) *Id.*

{¶11} Here, there is no dispute that the general grant of immunity in R.C. 2744.02(A)(1) applies to the Board. The Board argues that count one only states a negligence claim against Mr. Sparkes and "makes no claims against the Board in the Board's role as a political subdivision under R.C. 2744.02(B)." Further, and seemingly inconsistently, the Board argues that the Eltons "cannot demonstrate one of the statutorily defined exceptions apply * * * because Count I alleges that the Board is liable under the doctrine of respondeat superior[,]" and respondeat superior is not an R.C. 2744.02(B) exception to the grant of immunity.

{¶12} Count one of the complaint provides as follows: "On or about January 20, 2010, on E. North Street * * * the Defendant David G. Sparkes, individually, and/or in the course and scope of his employment with the Defendants, [the Board], Akron Public Schools and/or John Doe #1, * * * negligently operated a school bus into the motor vehicle operated by [Officer Elton]." The count further alleged that "Defendant's negligence" proximately caused Officer Elton injury.

{¶13} Given the limited argument raised and, given that, with respect to most claims, only notice pleading is required under Ohio law, we cannot say that count one only states a negligence claim against Mr. Sparkes. *See Traylor v. Timber Top, Inc.,* 9th Dist. Summit No.

27711, 2016-Ohio-283, ¶ 3. The count alleges, inter alia, that Mr. Sparkes was acting in the course and scope of his employment with the Board when he negligently caused the accident. In fact, the Board does not deny that Mr. Sparkes was acting in the course and scope of his employment. The Board, in its statement of facts in its brief to this Court, states that, Mr. Sparkes, "while acting within the scope of his employment as a school bus driver for the Board, bumped the vehicle driven by [Officer] Elton with the school bus he was driving." Thus, we conclude this argument is without merit.

{¶14} With respect to the Board's argument that the Eltons failed to establish that an R.C. 2744.02(B) exception applied, we are also unpersuaded. The Eltons asserted in their motion in opposition to summary judgment that R.C. 2744.02(B)(1) was an applicable exception to the facts of their case. R.C. 2744.02(B)(1) provides that, "[e]xcept as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority." While the allegations in the complaint do not specifically reference R.C. 2744.02(B), the allegations clearly mirror the substance of R.C. 2744.02(B)(1). Moreover, the Board has not argued that Mr. Sparkes acted without negligence in the operation of the bus, nor does the record support that conclusion.

{¶15} Instead, the Board appears to assert that because the allegations in count one amount to a claim seeking respondeat superior liability, and respondeat superior liability is not listed as an R.C. 2744.02(B) exception, the R.C. 2744.02(A)(1) immunity remains intact. The Board relies on numerous cases that discuss respondeat superior liability in the context of general statutory immunity; however, none of the cases address respondeat superior in the context of negligent operation of a motor vehicle and the exception contained in R.C. 2744.02(B)(1). From

the plain language of the statute, it appears that R.C. 2744.02(B)(1) would apply given the facts of the case. *See Sickles v. Jackson Cty. Hwy. Dept.,* 196 Ohio App.3d 703, 2011-Ohio-6102, ¶ 17-31 (4th Dist.) (concluding that, under R.C. 2744.02(B)(1), denial of summary judgment was appropriate where plaintiff raised a respondeat superior claim of negligent operation of a salt truck); *see also Reno v. Centerville,* 2d Dist. Montgomery No. 20078, 2004-Ohio-781, ¶ 53; *Parett v. Trost,* 12th Dist. Clermont No. CA99-06-058, 2000 WL 155515, *2 (Feb. 7, 2000) (stating that, while respondeat superior was not a listed exception in R.C. 2744.02(B), R.C. 2744.02(B)(1) nonetheless authorized liability for the negligent operation of a motor vehicle by an employee of the political subdivision when engaged within the scope of employment). Given that neither side asserts that the exceptions to R.C. 2744.02(B)(1) contained in R.C. 2744.02(B)(1)(a)-(c) apply to this matter, and the limited argument made by the Board, we conclude the trial court did not err in finding R.C. 2744.02(B)(1) was an applicable exception to the general grant of immunity contained in R.C. 2744.02(A)(1).

{¶16} The Board next argues, that, even assuming that R.C. 2744.02(B)(1) is applicable, R.C. 2744.03(A)(5) operates to reinstate the Board's immunity. R.C. 2744.03(A)(5) provides that:

> In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:
>
> * * *
>
> The political subdivision is immune from liability if the injury, death, or loss to person or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.

**{¶17}** The Board argues that the sole allegation in the complaint against the Board is that it negligently entrusted the bus to Mr. Sparkes. Thus, it asserts that R.C. 2744.03(A)(5) applies because "*the operation of a system of student transportation* involves 'the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources[,] * * * and [the Eltons] did not allege that the Board acted with malicious purpose, in bad faith, or in a wanton or reckless manner." (Emphasis added.) However, as noted above, the Board already was granted summary judgment on the negligent entrustment claim. The issue before the trial court, and this Court, is whether R.C. 2744.03(A)(5) applies to reinstate the Board's immunity in the claim involving Mr. Sparkes' negligent operation of a bus in the scope of his employment with the Board. Thus, it does not involve the operation of a *system* of student transportation; it involves the operation of a single bus. As the Board has made no argument as to why R.C. 2744.03(A)(5) applies to reinstate immunity in this context, *see* App.R. 16(A)(7), we cannot say the trial court erred in denying the Board's motion for summary judgment.

**{¶18}** The Board's sole assignment of error is overruled.

### III.

**{¶19}** The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

HENSAL, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

MATTHEW JOHN MARKLING, PATRICK VROBEL, SEAN KORAN, and THOMAS E. GIFFELS, Attorneys at Law, for Appellant.

RHONDA PORTER, Attorney at Law, for Appellant.

GARY W. KISLING, Attorney at Law, for Appellees.