[Cite as *Ponyicky v. Brunswick*, 2017-Ohio-37.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

JAMES PONYICKY, et al.

    Appellees

    v.

CITY OF BRUNSWICK, et al.

    Appellants

C.A. No.    15CA0097-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    12CIV0736

DECISION AND JOURNAL ENTRY

Dated: January 9, 2017

---

MOORE, Presiding Judge.

{¶1} The City of Brunswick ("the City") appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} On May 22, 2010, the brake and retarder systems on a bus owned by the Brunswick Transit Alternative ("BTA") and driven by Crystal Schemrich, purportedly failed, resulting in a rear-end collision between the bus and a car operated by James Ponyicky. Thereafter, Mr. Ponyicky and his wife brought claims against the City for negligent operation and loss of consortium.

{¶3} The City moved for summary judgment on the negligent operation claim on the basis of immunity, and the Ponyickys opposed the motion. The trial court denied the motion, and the City appealed. We affirmed the trial court's decision in *Ponyicky v. Brunswick*, 9th Dist. Medina No. 13CA0039-M, 2014-Ohio-3540, ¶ 28.

{¶4} After the parties submitted briefs in support of, and in opposition to, summary judgment on the negligent operation claim, the Ponyickys, with leave of court, amended their complaint to add a claim against the City for negligent maintenance. The City then sought summary judgment on the negligent maintenance claim on the basis of immunity. The Ponyickys opposed the motion. The trial court denied the motion in a journal entry dated October 9, 2015. In the instant appeal, the City has appealed from the October 9, 2015 decision, and it now presents one assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY DENYING THE CITY THE BENEFIT OF POLITICAL SUBDIVISION TORT IMMUNITY AS TO COUNT TWO OF THE AMENDED COMPLAINT (NEGLIGENT MAINTENANCE).

{¶5} In its sole assignment of error, the City argues that the trial court erred in concluding that issues of fact remained as to whether the City was immune on the negligent maintenance claim. We disagree.

{¶6} The City argued in its motion that it was entitled to immunity, and the trial court denied the motion. "The denial of a motion for summary judgment is not ordinarily a final, appealable order." *Elton v. Sparkes*, 9th Dist. Summit No. 27684, 2016-Ohio-1067, ¶ 8, quoting *Buck v. Reminderville*, 9th Dist. Summit No. 27002, 2014-Ohio-1389, ¶ 5. "However, R.C. 2744.02(C) provides that '[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order.'" *Elton* at ¶ 8. Accordingly, the denial of the City's motion for summary judgment, to the extent that it denied the City the benefit of immunity, is properly before us.

{¶7} We review a trial court's ruling on summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶8} Pursuant to Civ.R. 56(C), summary judgment is proper only if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶9} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996). "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id.* at 293. Only where the moving party fulfills this initial burden, does the burden shift to the nonmoving party to prove that a genuine issue of material fact exists. *Id.*

{¶10} "In order to determine whether a political subdivision is immune from liability, we engage in a three-tiered analysis." *Elton*, 2016-Ohio-1067, at ¶ 10, quoting *Moss v. Lorain Cty. Bd. of Mental Retardation*, 9th Dist. Lorain No. 13CA010335, 2014-Ohio-969, ¶ 10. "The first tier sets forth the premise that, '[e]xcept as provided in division (B) of [R.C. 2744.02], a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or an employee of

the political subdivision in connection with a governmental or proprietary function.'" *Elton* at ¶ 10, quoting *Moss* at ¶ 10, quoting R.C. 2744.02(A)(1).

{¶11} In the second tier of the immunity analysis, "we determine whether one of the five exceptions to immunity outlined in R.C. 2744.02(B) applies to hold the political subdivision liable for damages." *Elton* at ¶ 10, quoting *Moss* at ¶ 10. An exception to immunity contained in R.C. 2744.02(B)(2) provides that "political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." Accordingly, "[p]ursuant to R.C. 2744.02(B)(2), a political subdivision is liable in damages in a civil action for injury, death, or loss to persons or property caused by an act or omission of the political subdivision or any of its employees in connection with the performance of a proprietary function." *Hill v. Urbana*, 79 Ohio St.3d 130 (1997), paragraph one of the syllabus. R.C. 2744.01(B) provides that an "'[e]mployee' means an officer, agent, employee, or servant, whether or not compensated or full-time or part-time, who is authorized to act and is acting within the scope of the officer's, agent's, employee's, or servant's employment for a political subdivision. * * * 'Employee' includes any elected or appointed official of a political subdivision."

{¶12} With respect to the third tier of the immunity analysis, "immunity may be restored, and the political subdivision will not be liable, if one of the defenses enumerated in R.C. 2744.03(A) applies." *Elton* at ¶ 10, quoting *Moss* at ¶ 10.

{¶13} Here, there is no dispute that the City is a political subdivision, and that it was engaged in a proprietary function in its operation of the bus line. *See* R.C. 2744.01(G)(2)(c). In its motion for summary judgment, with respect to immunity, the City argued that none of the

R.C. 2744.02(B) exceptions to immunity was applicable.[1]   With specific respect to R.C. 2744.02(B), the City argued that its buses were maintained by an independent contractor, George Rayk, who did not meet the definition of an employee for purposes of R.C. 2744.02(B).   In support, it cited Mr. Rayk's deposition testimony, wherein Mr. Rayk stated that he is not a City employee, but he works as an independent contractor for the City on an as-needed basis to repair the BTA buses.

{¶14}  In response to this argument, the Ponyickys maintained that the City, "through its Service Director Sam Scaf[f]ide was responsible for maintaining the BTA system and its buses." The Ponyickys did not allege that *Mr. Rayk* was negligent, instead, they appeared to argue that those employees responsible for operating the BTA, with specific reference to Mr. Scaffide, were negligent in failing to require additional inspections or maintenance of the buses' brake systems. The Ponyickys relied on the deposition testimony of Mr. Scaffide, who maintained that he was the City's Service Director during the time at issue.  Part of his duties as the Service Director was controlling the BTA.  Mr. Scaffide maintained that the City had contracted with the Medina County Public Transit Authority ("MCPTA"), to provide drivers for the BTA buses.  Mr. Scaffide acknowledged that pursuant to that contract, the City was responsible for maintaining

---

[1] The City further argued below that it had no notice of any problem with the brake or retarder system, which negated its duty to Mr. Ponyicky, an argument that it repeated in its reply brief on appeal.  The City presents no argument relative to notice and duty in support of its assignment of error in its merit brief.  *See* App.R. 16(A)(7).  Further, in its reply brief, the City raises the issue of notice only after stating "[e]ven if the City was not immune to the negligent maintenance claim, which immunity has been established, the claim still must fail."  As the City has raised the only issue pertaining to immunity below and on appeal as that of whether the individuals responsible for maintenance were its employees, we likewise will limit our discussion.  *See Davis v. Akron*, 9th Dist. Summit No. 27014, 2014-Ohio-2511, ¶ 14; *Makowski v. Kohler*, 9th Dist. Summit No. 25219, 2011-Ohio-2382, ¶ 7 (An appeal brought under R.C. 2744.02(C) is "limited to the review of alleged errors in the portion of the trial court's decision which denied the political subdivision the benefit of immunity.").

the buses. Mr. Scaffide stated that the buses were regularly serviced for oil and tire changes. However, the buses were not otherwise serviced unless there was a visible problem, or a problem that was reported by an MCPTA driver.

{¶15} In its reply brief in support of summary judgment, the City acknowledged that it was required to provide maintenance to all BTA buses. However, it maintained that MCPTA was required to inspect and report ongoing problems, and the City hired Mr. Rayk to address the problems. It then noted that the Ponyickys had not provided evidence to establish a genuine issue of material fact existed as to whether Mr. Rayk was an independent contractor or whether any exception to immunity applied.

{¶16} On appeal, the City argues that it was entitled to immunity because it "presented unrebutted evidence that: (a) MCPT[A] was responsible for the inspection of BTA passenger buses and reporting on-going maintenance issues * * *; and (b) the City engaged George Rayk as an independent contractor (not a City employee), who at all times relevant hereto worked on an as-needed basis, to provide maintenance and repair services for BTA passenger buses."

{¶17} However, neither below nor on appeal has the City argued that Mr. Scaffide or other City employees were not responsible for ultimately controlling the extent of maintenance of the buses. It is apparent that the Ponyickys have maintained that the City, and specifically Mr. Scaffide, was negligent in the operation of a proprietary function by failing to require additional maintenance of the buses, and that this would constitute an exception to the City's immunity. The City has raised no argument as to why it was entitled to immunity despite the allegations of negligence on the part of the City, or Mr. Scaffide, in operating the BTA. Accordingly, we conclude that the trial court properly denied summary judgment on this issue.

{¶18} Therefore, the City's sole assignment of error is overruled.

II.

{¶19} The City's assignment of error is overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

KENNETH J. FISHER, Attorney at Law, for Appellant.

TODD M. RASKIN and CARL E. CORMANY, Attorneys at Law, for Appellant.

PAUL KNOTT, Attorney at Law, for Appellees.