[Cite as *Alicea v. Lorain*, 2018-Ohio-2538.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| HEATHER ALICEA, et al. | | C.A. No.     17CA011182 |
| Appellants | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CITY OF LORAIN | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | | CASE No.     16CV189839 |

DECISION AND JOURNAL ENTRY

Dated: June 29, 2018

TEODOSIO, Judge.

{¶1}    Plaintiffs-Appellants, Heather Alicea and Ramon Alicea ("the Aliceas"), appeal from the order of the Lorain County Court of Common Pleas granting summary judgment in favor of Defendant-Appellee, the City of Lorain ("the City"). This Court affirms.

I.

{¶2}    On the night of July 4, 2014, the Aliceas and two of their children attended a fireworks show in downtown Lorain. While walking home afterward, Ms. Alicea tripped and fell on a sidewalk abutting Victory Park, injuring her knee and the side of her face. The Aliceas filed a personal injury complaint against the City of Lorain for negligent maintenance and repair of the sidewalk, seeking damages for medical expenses, pain and suffering, and loss of consortium as a result of the injuries sustained.

{¶3}    The City filed a motion for summary judgment claiming immunity under R.C. Chapter 2744 because it is a political subdivision, the maintenance and repair of sidewalks is a

governmental – not proprietary – function, and none of the exceptions listed under R.C. 2744.02(B) apply. The Aliceas responded in opposition to summary judgment, disputing the immunity claim and arguing that the City owed a duty of care to Ms. Alicea, it breached that duty by failing to properly maintain the sidewalk or warn her of the dangerous condition, and Ms. Alicea suffered permanent injury as a direct and proximate result of that breach. The trial court granted summary judgment in favor of the City.

{¶4} The Aliceas now appeal from the trial court's order granting summary judgment and raise two assignments of error for this Court's review.

{¶5} For ease of analysis, we will consolidate the assignments of error.

II.

### ASSIGNMENT OF ERROR ONE

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED THE MOTION FOR SUMMARY JUDGMENT BY FINDING THAT AN EXCEPTION TO POLITICAL SUBDIVISION IMMUNITY UNDER [R.C. 2744.02(B)(5) DID NOT APPLY].

### ASSIGNMENT OF ERROR TWO

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED SUMMARY JUDGMENT AND CONCLUDED THAT CODIFIED ORDINANCES OF LORAIN, OHIO, SECTIONS 903.07 AND 521.06 DID NOT APPLY.

{¶6} In their first and second assignments of error, the Aliceas argue that the trial court erred in granting summary judgment by finding that the R.C. 2744.02(B)(5) exception to political-subdivision immunity as well as Lorain Codified Ordinances 903.07 and 521.06 did not apply in this case. We disagree.

{¶7} Appellate review of an award of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is appropriate under Civ.R. 56

when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). A court must view the facts in the light most favorable to the nonmoving party and must resolve any doubt in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992). A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must be resolved in the nonmoving party's favor. *Perez v. Scripps–Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988).

{¶8} The Supreme Court of Ohio has set forth the nature of this burden-shifting paradigm:

> [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

*Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

{¶9} Ohio's Political Subdivision Tort Liability Act, which governs political subdivision liability and immunity, is codified in R.C. 2744.01 et seq. *McNamara v. City of*

*Rittman*, 125 Ohio App.3d 33, 43 (9th Dist.1998). "In order to determine whether a political subdivision is immune from liability, we engage in a three-tiered analysis." *Moss v. Lorain Cty. Bd. of Mental Retardation*, 9th Dist. Lorain No. 13CA010335, 2014-Ohio-969, ¶ 10, citing *Cater v. Cleveland*, 83 Ohio St.3d 24, 28 (1998). First, "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. 2744.02(A)(1). Second, "this comprehensive immunity can be abrogated pursuant to any of the five exceptions set forth at R.C. 2744.02(B)." *Shalkhauser v. Medina*, 148 Ohio App.3d 41, 46 (9th Dist.2002). Third, "immunity may be restored, and the political subdivision will not be liable, if one of the defenses enumerated in R.C. 2744.03(A) applies." *Moss* at ¶ 10.

{¶10} It is undisputed in this case that the City is a political subdivision. *See Wolford v. Sanchez*, 9th Dist. Lorain No. 05CA008674, 2005-Ohio-6992, ¶ 28. *See also* R.C. 2744.01(F) (defining "political subdivision."). Moreover, the definition of "governmental function" includes the maintenance and repair of sidewalks. R.C. 2744.01(C)(2)(e); *Hahn v. Redmond*, 9th Dist. Summit No. 23491, 2008-Ohio-5002, ¶ 16. The City is therefore immune from liability for injuries or loss allegedly caused by any act or omission of the City or an employee of the City in connection with the maintenance and repair of sidewalks unless one of the R.C. 2744.02(B) exceptions applies.

{¶11} Although the Aliceas argued at the trial court level that multiple exceptions under R.C. 2744.02(B) applied in this case, they only argue on appeal that the specific exception provided for under R.C. 2744.02(B)(5) applies. Pursuant to R.C. 2744.02(B)(5):

> [A] political subdivision is liable in damages in a civil action for injury, death, or
> loss to person or property allegedly caused by an act or omission of the political

subdivision or of any of its employees in connection with a governmental or proprietary function * * * when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code * * *. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because that section provides for a criminal penalty, because of a general authorization in that section that a political subdivision may sue and be sued, or because that section uses the term "shall" in a provision pertaining to a political subdivision.

The Aliceas argued that R.C. 723.011 "provides the City with the opportunity to impose such liability" because it states: "The legislative authority of a municipal corporation * * * may require, by ordinance, * * * that the owners and occupants of abutting lots and lands shall keep the sidewalks, curbs, and gutters in repair and free from snow or any nuisance." They further argued that the City took action to impose such liability by enacting Lorain Codified Ordinances 521.06 and 903.07. Pursuant to Lorain Codified Ordinances 521.06, "[n]o owner or occupant of abutting lands shall fail to keep the sidewalks, curbs or gutters in repair and free from snow, ice or any nuisance. * * * Whoever violates this section is guilty of a minor misdemeanor." Pursuant to Lorain Codified Ordinances 903.07:

All owners whose property abuts upon sidewalks shall keep such sidewalks in good repair and free from defects and other obstructions or dangerous conditions. The ground between the walk and street curb or gutter shall be kept graded so that water will drain from sidewalks. If the sidewalks become defective, dangerous or obstructed in any way, the Director of Public Service may proceed to remove the defects, dangerous conditions or obstructions and grade the areas between the walk and curb so that water will drain from the walks.

{¶12} The trial court found that the R.C. 2744.02(B)(5) exception and Lorain Codified Ordinances 521.06 and 903.07 do not apply to the facts of this case. The court stated that the ordinances allow the City to repair sidewalks and pass the costs onto an abutting homeowner. However, the property owner in this case is the City, not a private landowner, and the City is immune from issues or negligence relating to the maintenance of sidewalks. Furthermore, the

court noted that R.C. 2744.02(B)(5) states civil liability shall not be construed to exist merely because another Revised Code section imposes a responsibility or mandatory duty upon a political subdivision. R.C. 723.011 provides that the City *may* require owners and occupants to keep sidewalks in repair, and Lorain Codified Ordinances 903.07 provides that the Director of Public Service *may* proceed to remove the defects, dangerous conditions, or obstructions. Thus, the court determined that R.C. 723.011 and Lorain Codified Ordinances 903.07 are not couched in mandatory terms and do not place a mandatory duty upon the City.

{¶13} We conclude that the exception contained within R.C. 2744.02(B)(5) does not apply when another statute such as R.C. 723.011 simply provides a political subdivision with the "opportunity to impose" civil liability, as the Aliceas have argued. Instead, the plain language of R.C. 2744.02(B)(5) requires the statute to "expressly impose" civil liability upon the political subdivision. R.C. 723.011 does not expressly impose civil liability, but instead simply provides that the legislative authority "may require" owners and occupants of abutting properties to keep the sidewalks in repair and free from snow or any nuisance. R.C. 2744.02(B)(5) further elucidates that civil liability shall not be construed to exist merely: (1) because the statute imposes a responsibility or mandatory duty upon a political subdivision, (2) because that section provides for a criminal penalty, (3) because of a general authorization in that section that the political subdivision may sue and be sued, or (4) because that section uses the term "shall" in a provision pertaining to a political subdivision. Although Lorain Codified Ordinances 521.06 and 903.07 may have been enacted pursuant to R.C. 723.011, neither ordinance expressly imposes civil liability and, based on the plain language of R.C. 2744.02(B)(5), we will not construe civil liability to exist merely because one ordinance provides for a criminal penalty and uses the word "shall" while the other imposes a responsibility or duty and uses the word "shall." Because we

conclude that the R.C. 2744.02(B)(5) exception is inapplicable to the facts of this case and because the Aliceas have not argued on appeal that any other R.C. 2744.02(B) exception to the general immunity afforded to the City applies, we need not address the third tier of the analysis. *See Dunfee v. Oberlin*, 9th Dist. Lorain No. 08CA009497, 2009-Ohio-3406, ¶ 12. *See also Davis v. City of Akron*, 9th Dist. Summit No. 22428, 2005-Ohio-3629, ¶ 11.

**{¶14}** In construing the evidence in a light most favorable to the Aliceas, we conclude that no genuine issue of material fact remains. The exception to political-subdivision immunity under R.C. 2744.02(B)(5) and Lorain Codified Ordinances 521.06 and 903.07 do not apply to the facts of this case. The City is immune from liability and we therefore conclude that the trial court did not err in granting summary judgment in this matter.

**{¶15}** Accordingly, the Aliceas' first and second assignments of error are overruled.

III.

**{¶16}** The Aliceas' first and second assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

JOHN J. GILL, Attorney at Law, for Appellants.

PATRICK D. RILEY and JOSEPH T. LAVECK, Attorneys at Law, for Appellee.