[Cite as *Wilmington Savs. Fund Soc. v. Lautzenheiser*, 2021-Ohio-1046.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST A | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2020CA00059 |
| | : | |
| DONALD J. LAUTZENHEISER AKA DONALD JAY LAUTZENHEISER | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Stark County Court of
                                Common Pleas, Case No. 2015 CV 789

JUDGMENT:                       AFFIRMED

DATE OF JUDGMENT ENTRY:         March 29, 2021

APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

PHILLIP BARRAGATE                       DAVID A. VAN GAASBEEK
4805 Montgomery Rd., Suite 320          1303 West Maple St., Suite 104
Cincinnati, OH 45212                    North Canton, OH 44720

JOHNA M. BELLA
405 Madison Ave., Suite 2200
Toledo, OH 43604

*Delaney, J.*

{¶1} Defendant-Appellant Donald J. Lautzenheiser aka Donald Jay Lautzenheiser appeals the February 27, 2020 Decree of Foreclosure granted by the Stark County Court of Common Pleas. The Plaintiffs-Appellees are Elizon Master Participation Trust I, U.S. Bank Trust National Association, as Owner Trustee and Citizens Bank, N.A. fka RBS Citizens, N.A. successor by merger to Charter One Bank, N.A.

## FACTS AND PROCEDURAL HISTORY

{¶2} On July 7, 2004, Defendant-Appellant Donald J. Lautzenheiser aka Donald Jay Lautzenheiser executed a Promissory Note in the amount of $83,000 with Charter One Bank, N.A. The Promissory Note was secured with a primary mortgage on residential property located in Massillon, Ohio. Lautzenheiser also executed a Credit Line Agreement in the original sum of $34,700, which was secured by a second mortgage on the residential property located in Massillon, Ohio.

{¶3} Effective February 1, 2014, Lautzenheiser entered into a Home Affordable Modification Agreement with Plaintiff-Appellee Citizens Bank, N.A. fka RBS Citizens, N.A. successor by merger to Charter One Bank, N.A. The new principal balance of the Note was $74,041.96. Pursuant to the terms of the Note, interest at 5.000% began to accrue on January 1, 2014 and the first monthly payment was due on February 1, 2014. The monthly principal and interest payment amount on the new principal balance was $357.03 and the estimated monthly escrow payment amount was $232.79, for a total monthly payment of $589.82. The modified agreement was secured with a primary mortgage on the residential property located in Massillon, Ohio.

{¶4} On May 6, 2014, Citizens Bank sent Lautzenheiser a Notice of Default on the mortgage loan.

{¶5} On March 2, 2015, Lautzenheiser attempted to make a payment on the mortgage in the amount of $594.36. Citizens Bank returned the check because the amount was insufficient to reinstate the loan.

{¶6} On April 16, 2015, Citizens Bank filed a Complaint for Money Judgment and Foreclosure against Lautzenheiser in the Stark County Court of Common Pleas. In the first and second claims, the Complaint alleged there was $73,895.79 plus interest at a rate of 5.0% per annum due and owing from April 1, 2014. The Complaint raised a third claim that there was due and owing on the Credit Line Agreement and secondary mortgage in the amount of $25,026.35 plus interest of $990.84 pursuant to the terms of the agreement, late fees, costs, advances, and expenses incurred.

{¶7} On May 26, 2015, the trial court referred the matter to the foreclosure mediation program and stayed proceedings pending the outcome of the mediation. Lautzenheiser filed his answer to the complaint on June 19, 2015.

{¶8} On November 24, 2015, the report of the mediator was filed indicating the matter had not been settled as additional information was required from Lautzenheiser. Lautzenheiser was given until December 7, 2015 to produce the documents, and mediation was rescheduled for January 21, 2016.

{¶9} On January 21, 2016, the mediator filed a report indicating the matter was not settled as additional documentation was required. Mediation was again rescheduled for March 17, 2016.

{¶10} On March 18, 2016, the mediator filed another report indicating the matter had not been settled as Citizens Bank required statements from Lautzenheiser regarding his pension benefits. Both parties desired to remain in mediation, but the matter was returned to the trial court for that determination. On April 11, 2016, Lautzenheiser filed a motion for further mediation. On April 19, 2016, the trial court granted the motion, allowing for one additional mediation.

{¶11} While the case was in mediation, Citizens Bank, N.A. assigned the primary mortgage to Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust A. On October 19, 2016, mediation was canceled because mortgage was being assigned to a new servicer.

{¶12} On June 5, 2017, Wilmington assigned the primary mortgage to Elizon Master Participation Trust I, U.S. Bank Trust National Association, as Owner Trustee. On October 30, 2017, Wilmington filed a Motion to Substitute Party Plaintiff with Elizon Master Participation Trust I, U.S. Bank Trust National Association, as Owner Trustee. The trial court granted the motion to substitute the party plaintiff on November 1, 2017. The docket, however, incorrectly refers to Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust A as the party plaintiff. The Plaintiff-Appellee in this matter is Elizon Master Participation Trust I, U.S. Bank Trust National Association, as Owner Trustee ("Elizon Master").

{¶13} The case then sat for more than a year until January 31, 2018, when Lautzenheiser filed a motion for further mediation. The motion was granted on February 28, 2018.

{¶14} Mediation took place as scheduled on May 24, 2018. On May 25, 2018, the mediator filed a report indicating mediation had been unsuccessful and referred the matter back to the trial court.

{¶15} On July 13, 2018, Elizon Master filed a motion for summary judgment arguing it was entitled to judgment as a matter of law on first and second claims of the Complaint regarding the primary mortgage.

{¶16} Fourteen days later, on July 27, 2018, Lautzenheiser filed a "Motion for Stay of Determining the Issues Raised in the Motion for Summary Judgment." In his motion, Lautzenheiser argued Elizon Master had filed its motion for summary judgment before he could file his amended answer and counterclaim instanter, and that his amended answer and counterclaim raised significant points which should be subject to discovery and further scrutiny. Also, on July 27, 2018, Lautzenheiser filed a "Motion for Leave to File an Amended Answer and Counterclaim Instanter."

{¶17} On July 30, 2018, 17 days after Lautzenheiser's 28-day response period under Civ.R. 56(C) began, the trial court granted Elizon Master's motion for summary judgment and issued the Decree in Foreclosure. The trial court did not address either of Lautzenheiser's motions.

{¶18} On August 28, 2018, Lautzenheiser filed a Notice of Appeal of the July 30, 2018 Decree in Foreclosure.

{¶19} While the case was pending on appeal, the property was sold at sheriff's sale on October 1, 2018. On October 17, 2018, the trial court granted Lautzenheiser's motion to stay delivery of the deed to the purchaser.

{¶20} On June 14, 2019, this Court issued its opinion and reversed the judgment of the trial court due to its failure to abide by Civ.R. 56(C) and afford Lautzenheiser 28 days to respond to the motion for summary judgment before granting judgment in favor of Elizon Master. *Wilmington Savings Fund v. Lautzenheiser*, 2019-Ohio-2389, 138 N.E.3d 673, ¶ 29 (5th Dist.). The matter was remanded to the trial court for further proceedings.

{¶21} Upon remand, the trial court issued a briefing schedule on Elizon Master's motion for summary judgment. A non-oral hearing was scheduled for August 16, 2019.

{¶22} Lautzenheiser filed his response to Elizon Master's motion for summary judgment on July 29, 2019. In his response, he argued his payment records established there was a genuine issue of material fact as to whether the primary mortgage was in default. Lautzenheiser attached his affidavit in which he listed the payments he made from 2006 to 2015 totaling $82,142.46. He attached as exhibits photocopies of coupon book stubs, bank check receipts, account statements, money order receipts, and annual escrow account disclosure statements.

{¶23} On August 23, 2019, Elizon Master filed its reply to its motion for summary judgment. Elizon Master argued there was no genuine issue of material fact that Lautzenheiser entered into a loan modification agreement effective February 1, 2014. The agreed principal amount of the loan modification was $74,041.96. Elizon Master argued the evidence demonstrated there was an unpaid principal balance of $74,000 in 2014 and Lautzenheiser stopped making payments shortly after the modification went into effect; therefore, he could not have paid the balance of the loan modification.

{¶24} On September 6, 2019, Plaintiff-Appellee Citizens Bank, N.A. fka RBS Citizens, N.A. successor by merger to Charter One Bank, N.A. filed its motion for summary judgment seeking judgment as a matter of law on the third claim of the Complaint regarding the credit line agreement secured by a secondary mortgage. It alleged the Civ.R. 56 evidence established the outstanding balance on the credit line agreement was $26,017.19.

{¶25} Lautzenheiser filed a response and supporting affidavit on September 20, 2019. Citizens Bank filed a reply on October 4, 2019.

{¶26} On October 16, 2019, the trial court issued its judgment entry granting summary judgment in favor of Citizens Bank on the third claim of the Complaint. On October 30, 2019, the trial court filed the Decree of Foreclosure on the third claim of the Complaint in favor of Citizens Bank. The October 16, 2019 and October 30, 2019 judgment entries did not include Civ.R. 54(B) language.

{¶27} On November 13, 2019, Lautzenheiser filed a notice of appeal of the October 30, 2019 judgment entry. Citizens Bank filed a motion to dismiss appeal for lack of a final appealable order. On January 17, 2019, we granted Citizen Bank's motion to dismiss appeal because the motion for summary judgment filed by Elizon Master remained pending before the trial court and the trial court did not include Civ.R. 54(B) language on the October 16, 2019 or October 30, 2019 judgment entries. We dismissed the appeal for lack of jurisdiction.

{¶28} On February 27, 2020, the trial court granted the motion for summary judgment filed by Elizon Master on the first and second claims of the Complaint.

{¶29} Lautzenheiser filed a notice of appeal of the February 27, 2020 judgment entry on March 17, 2020.

## ASSIGNMENT OF ERROR

{¶30} Lautzenheiser raises one Assignment of Error:

{¶31} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING APPELLEES' MOTIONS FOR SUMMARY JUDGMENT BECAUSE APPELLANT PRESENTED SUFFICIENT EVIDENCE TO CREATE GENUINE ISSUES OF MATERIAL FACT THAT HE MADE PAYMENTS TO SATISFY THE REQUIREMENTS OF THE MORTGAGE LOAN AGREEMENTS AND TO RULE OTHERWISE WOULD MEAN THAT THE TRIAL COURT MADE CREDIBILITY DETERMINATIONS AS TO THE TRUTH AND VERACITY OF THE EVIDENTIARY MATERIAL WHICH IS NOT TO BE CONSIDERED IN THE SUMMARY JUDGMENT PROCESS."

## ANALYSIS

### Standard of Review

{¶32} This matter comes to us upon the trial court's grant of summary judgment in favor of Elizon Master and Citizens Bank on their complaint for a money judgment and foreclosure. Lautzenheiser argues the trial court erred in its judgment. We refer to Civ.R. 56(C) in reviewing a motion for summary judgment which provides, in pertinent part:

> Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * *

\* A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶33} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶34} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

{¶35} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

**Credibility**

{¶36} All parties submitted affidavits in support of their respective motions for summary judgment and responses to the motions for summary judgment. Civ.R. 56(E) outlines the requirements for affidavits submitted to support a Civ.R. 56 motion for summary judgment. The rule states:

Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

In his appeal, Lautzenheiser contends the trial court made impermissible credibility determinations as to the truth and veracity of the affidavit testimony presented under Civ.R. 56(E).

{¶37} Lautzenheiser is correct when he states that the court must not weigh the evidence or determine the merits of the case or the credibility of the witnesses when considering a Civ.R. 56 motion. *Kreais v. Chemi-Trol Chem. Co.*, 52 Ohio App.3d 74, 78, 557 N.E.2d 155 (6th Dist.1989); *Turner v. Turner*, 67 Ohio St.3d 337, 341-342, 617 N.E.2d 1123 (1993). A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must be resolved in the nonmoving party's favor. *Tomlin v. City of Akron*, 9th Dist. Summit No. CV 29293, 2021-Ohio-819, citing *Perez v. Scripps–Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988).

{¶38} The elements of a foreclosure require Elizon Master and Citizens Bank to establish that Lautzenheiser owed money, the mortgages were valid liens on the property, the conditions of the notes and mortgages had been breached, and the equities supported foreclosure as the appropriate remedy. *See First Knox Natl. Bank v. Peterson*, 5th Dist. Knox No. 08CA28, 2009-Ohio-5096, ¶ 19. In support of its motion for summary judgment, Elizon Master submitted the affidavit and supplemental affidavit of Konnor Wyly, an asset manager and account officer with SN Servicing Corporation, the authorized servicing agent for Elizon Master. Citizens Bank submitted the affidavit of Blair Dugan, a recovery specialist with Citizens Bank. Both affidavits asserted they were the holders of the respective first and a second mortgages, the mortgages were valid liens on the property, and Lautzenheiser breached the terms of the notes and mortgages. In his supplemental affidavit, Konnor Wyly for Elizon Master produced the loan history reflecting the payments received from Lautzenheiser and the application of the payments to the principal, interest, and escrow of the notes and mortgage.

{¶39} In support of his argument that he was not in breach of the terms of the notes and mortgages, Lautzenheiser submitted his affidavit stating he had made payments from April 2006 to February 2015, totaling $82,142.46. He provided copies of payment book stubs, bank check receipts, account statements, money order receipts, and annual escrow account disclosure statements. He argues the Civ.R. 56 evidence of his payments provided the trial court with specific facts to demonstrate there was a triable issue of fact of whether Lautzenheiser was in breach of the terms of the notes and mortgages. That the trial court granted summary judgment in favor of Elizon Master and Citizens Bank, Lautzenheiser argues, demonstrates the trial court considered the credibility of the of the witnesses and found the affiants for Elizon Master and Citizens Bank more credible.

{¶40} The decision to grant summary judgment in favor of Elizon Master and Citizens Bank does not depend upon the credibility of the witnesses but whether there is an absence of genuine issue of material fact after considering the Civ.R. 56 evidence in favor of the non-moving party. At first review, the evidence in this case is like the theory of Schrödinger's Cat – in the box of summary judgment, reasonable minds could conclude that Lautzenheiser made payments on the mortgages *and* the mortgages are in default. The parties' affidavits appear to support both contentions, but an analysis of Lautzenheiser's affidavit and his recitation of payments do not include salient facts that impact the due and owing balance on the notes and mortgage. Lautzenheiser's failure to present these facts results in the conclusion that in this box of summary judgment, the mortgages are in default.

{¶41} First, Lautzenheiser entered into a loan modification agreement effective on February 1, 2014. The principal balance of the mortgage on February 1, 2014 was $74,041.96. While Lautzenheiser avers he made payments on the mortgage from 2006 to 2014, the mortgage in question was modified effective February 1, 2014 and both Lautzenheiser and Elizon Master's affidavits show few payments after 2014. A notice of default was sent to Lautzenheiser on May 6, 2014. Second, while Lautzenheiser shows he made payments on the mortgages, his payments do not reflect the percentage of the payment that went to principal, interest, escrow, or late payment charges as stated in the terms of the notes and mortgages. The loan history provided by Elizon Master shows the amount of Lautzenheiser's payments that went towards principal, interest, and escrow. Lautzenheiser disputes the loan history presented Elizon Master's affidavit and argues he should be permitted to conduct additional discovery. The record shows this matter has been pending since 2015 and has been in foreclosure mediation multiple times. There has been ample time to develop the record and request discovery from the parties. Based on the Civ.R. 56 evidence before the court, there is no disagreement between the parties that Lautzenheiser made payments on the mortgages; however, reasonable minds could only conclude that the payments did not satisfy the terms of the notes and mortgages.

{¶42} Lautzenheiser's sole Assignment of Error is overruled.

## CONCLUSION

{¶43} The judgment of the Stark County Court of Common Pleas is affirmed.

By:  Delaney, J.,

Hoffman, P.J. and

Wise, John, J., concur.